SERAFÍN DOMENECH, demandante y apelado, *v.* LA JUNTA DE PENSIONES DE LOS MAESTROS DE PUERTO RICO, etc., demandada y apelante.

No. 5334.—*Sometido:* Febrero 11, 1931. *Resuelto:* Julio 9, 1931.

Attorney General Interino A. Ortiz Toro y R. Cordovés Arana, Subprocurador, abogados de la apelante; García Méndez & García Méndez, abogados del apelado.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

En este caso, las partes ante la corte de distrito, llegaron a una estipulación que precisa insertar aquí, para tener una base sólida en materia de hechos. En lo que interesa, la estipulación es así:

"1.—Se aceptan por parte de la demandada todos los hechos de la petición de mandamus, pero aclarándose, en relación con el hecho sexto de la misma, que el día 7 de febrero de 1928, reunida la Junta en sesión, el Secretario de la misma dió cuenta con la solicitud de pensión del ahora peticionario, Sr. Domenech, y dicha Junta acordó por unanimidad dejar la referida solicitud sobre la mesa, para ser considerada en una de sus próximas reuniones, debido a que los fondos en existencia eran escasos y deseaba dedicarlos al pago de maestros ya pensionados y para atender a aquéllos que pudieran incapacitarse físicamente; en cuanto al hecho octavo, que el acuerdo de la Junta, desestimando la solicitud de pensión del peticionario, se tomó el 30 de marzo de 1929.

"2.—Que la teoría de la demandada es que la ley que rige y gobierna este caso es la Ley No. 68 de mayo 8 de 1928, y que de acuerdo con dicha ley el peticionario, Sr. Serafín Domenech, no ha cumplido con todos los requisitos que exige esta ley porque no tenía,

a la fecha de su solicitud ni cuando se denegó la misma, cuarenta y cinco años de edad, ni había contribuído al fondo de pensiones para maestros por espacio de cinco años a partir del 8 de mayo de 1928, fecha de la aprobación de esta ley; estipulándose, además, que la parte demandante acepta que el peticionario no tenía en las indicadas fechas la edad de 45 años ni había contribuído a dicho fondo de pensiones para maestros por espacio de cinco años con posterioridad a la aprobación de la ley vigente.''

Serafín Domenech, que es un hombre de 42 años de edad, profesor de instrucción pública y director escolar en Aguada, Puerto Rico, comenzó a enseñar en las escuelas públicas de Puerto Rico desde el año 1906 hasta el curso escolar de 1925–1926, y desde entonces trabajó como director escolar de Aguada; en la fecha en que presentó la petición de retiro a que se refiere este caso llevaba en servicio más de veinte y un años, y en ese lapso de tiempo había contribuído al fondo de pensiones para maestros, por más de seis años y seguía contribuyendo. En enero de 1928, Serafín Domenech acudió a la Junta de Pensiones de los Maestros de Puerto Rico solicitando su pensión de acuerdo con la Ley de Pensiones enmendada por leyes 78 del año 1921 y 41 de 1925. La junta no decidió nada hasta el 5 de mayo de 1928, en que, por razón de escasez de fondos y de que había que dedicar los existentes al pago de los maestros ya pensionados y de los que se incapacitaran físicamente, se dejó pendiente esta solicitud. Después del 5 de mayo de 1928 la Legislatura de Puerto Rico pasó una Ley de Pensiones de Maestros, la No. 68, y la junta, en 30 de mayo de 1929, resolvió en cuanto a esta solicitud de Domenech, denegándola y fundando la resolución en que el peticionario no reúne las condiciones exigidas por la ley entonces en vigor; solicitada la reconsideración, fué denegada. Estos son los hechos en que se funda la petición de *mandamus,* auto que, en definitiva se expidió por la corte, ordenando se procediera por la junta a decretar la pensión del peticionario; y ésta es la resolución apelada.

La Ley No. 62, año 1917, creó un fondo de pensiones para

los maestros de Puerto Rico. Por ella se estableció una Junta de Pensiones: se ordenó que los maestros que ejercen en Puerto Rico en instituciones públicas contribuyeran al fondo de pensiones con el 1 por 100 de su sueldo, siendo esta contribución parte integrante de sus contratos; y se declaró con derecho a pensión a los maestros que acogidos a esta ley hayan enseñado en las escuelas públicas de Puerto Rico por un período de veinte y cinco años y a los que se inhabilitaran físicamente, después de quince años de servicios.

La Ley No. 69, año 1921, enmendó a la anterior en el sentido de fijar en veinte y un años el período de servicios requerido para la pensión. Y la Ley No. 41, año 1925, enmendó a las anteriores en algunos particulares, que no son de importancia para el caso presente.

Esta era la ley cuando Serafín Domenech solicitó de la junta su pensión. Pero mientras quedó por resolver tal solicitud, la Asamblea Legislativa de Puerto Rico aprobó una ley, la número 68, de 8 de mayo de 1928, para crear un fondo de pensiones para los maestros de Puerto Rico, y establecer asignaciones para tal fondo. Por ella se concede el derecho a pensión a los maestros de Puerto Rico que como tales presten servicios y contribuyan, con parte de su sueldo y con arreglo a una escala gradual inclusa en la ley, al fondo de pensiones; la forma de contribución se especifica, disponiéndose que en los contratos se haga constar, y haciéndola forzosa. Y se dispone asimismo que tienen derecho a pensiones los maestros que hayan ejercido por no menos de veinte y un años y que tengan, por lo menos, cuarenta y cinco años de edad, y otros en casos de inhabilitación física, etc.; y se establece la escala de pensiones. Aparte de otros preceptos que no son del momento, debe citarse el artículo o sección 16, que deroga expresamente toda ley que se halle en conflicto con ésta, y que da a la misma efectos retroactivos a partir de la fecha en que empezó a regir la Ley No. 62 de 5 de diciembre de 1917, enmendada por la No. 79 de 1921,

y la No. 41 de 1925. Y esta ley empezó a regir inmediatamente.

La parte apelante, en apoyo de sus contenciones en los señalamientos de error cita varios casos importantes, y entre ellos *U. S.* v. *Teller,* 107 U. S. 64, *Pennie* v. *Reis,* 132 U. S. 464, *People* v. *Hanson,* 330 Ill. 79, 161 N. E. 145, *Gibbs* v. *Minneapolis Fire Dept. Relief Association,* 125 Minn. 174, y otros; y de esta jurisdicción, el caso *Luján* v. *Comisión de la Policía Insular,* 38 D.P.R. 58.

No existe duda en cuanto a que la regla general es que una pensión es, más que otra cosa, una concesión, bonificación o dádiva periódica concedida por el Gobierno a determinada clase de personas, en reconcimiento de servicios pretéritos, o por razón de haberse inutilizado en el servicio público esas personas. Esta es, poco más o menos, la definición que encontramos en Corpus Juris.

La pensión, pues, no tiene el carácter de forzosa y obligatoria ni en su origen, ni en su continuación. Este es el sentido de la jurisprudencia. Como acto voluntario, y de gracia, del poder soberano, no pone a éste en una obligación estricta y de naturaleza contractual. Hablamos de la pensión en su sentido puro.

Pero, desnaturalizado un tanto lo que es una pensión, se ha seguido el sistema de forzar al empleado a contribuir a la constitución del fondo; en unos casos se le ha dejado elegir entre contribuir, y tener derecho a la pensión, o no contribuir, y perder todo derecho; y en otros, el gobierno de una manera final y decidida, ha impuesto al empleado la obligación de contribuir, constituyéndose en guardador del tanto por ciento impuesto, y corriendo los riesgos de los casos de inutilización o inhabilitación física.

Esta forma de establecer la pensión ha traído ciertos problemas a los tribunales. En la esfera de la ley, esos problemas están decididos por autoridad indiscutible.

El derecho de las legislaturas a derogar, modificar

o alterar las leyes de pensión fué puesto en duda. En los casos *United States* v. *Teller,* 107 U. S. 64 y *Frisbie* v. *United States,* 157 U. S. 160, se sostuvo ese derecho. En el último, caso *Frisbie* v. *United States,* la corte dijo:

"Estando el Congreso en libertad de dar o retener una pensión, puede prescribir quién habrá de recibirla y determinar todas las circunstancias y condiciones bajo las cuales se tramitará una solicitud para ella. Ningún hombre tiene un derecho legal a una pensión, y ningún hombre tiene un derecho legal a inmiscuirse en la obtención de pensión para sí o para otras personas."

En el caso *United States* v. *Teller, supra,* el Tribunal Supremo en su decisión dijo:

"El Congreso estaba facultado para aprobar esta ley. Ningún pensionista tiene un derecho legal adquirido a su pensión. Estas son dádivas del gobierno que el Congreso tiene derecho a dar, retener, distribuir o anular, a su discreción. *Walton* v. *Cotton,* 19 How. 355. Por consiguiente, carece de fundamento la contención del recurrente de que habiendo recibido la pensión de $72 bajo la ley general, también tiene derecho a la de $50 otorgádale por la ley especial."

De los hechos en el caso *Pennie* v. *Reis,* 132 U. S. 465, hay una relación sucinta en nuestra decisión en *Luján* v. *Comisión de la Policía Insular,* 38 D.P.R. 58. En esa decisión transcríbense también las palabras de la Corte Suprema de los Estados Unidos que fijan doctrina jurídica en la materia que ahora consideramos. De ellas debemos repetir aquí las siguientes:

" '. . . La orden del estado de que los fondos estén a beneficio del funcionario de policía o su representante, bajo ciertas condiciones, estaba sujeta a ser alterada o revocada en cualquier momento, a voluntad de la legislatura. No había contrato alguno por parte del estado de que la disposición de tal fondo permanecería siempre según fué provisto originalmente. Hasta que ocurra el suceso determinado para que el dinero o parte de éste sea pagado, no existe derecho adquirido alguno en favor del funcionario a recibir tal pago.' 132 U. S. Rep. 471." *Luján* v. *Comisión de la Policía Insular,* 38 D.P.R. 58.

En el caso *Luján* v. *Comisión, supra,* hubo una enmienda de la Ley de Pensiones, que dejaba la pensión sin efecto cuando el que la disfrutara ocupara un cargo del gobierno federal, insular o municipal, con sueldo o retribución.

En el caso presente, la sección 16 de la Ley No. 68, de 8 de mayo de 1928, es como sigue:

"Toda ley o parte de ley en conflicto con la presente, queda por ésta derogada, entendiéndose que esta Ley tendrá efecto retroactivo a partir de la fecha en que empezó a regir la Ley No. 62, aprobada en 5 de diciembre de 1917, enmendada por la Ley No. 69, aprobada en julio 21, de 1921, y por la Ley No. 41, aprobada en julio 20 de 1925, para los fines a que se refiere la Sección 14, quedando sujetos los maestros acogidos a estas leyes a las obligaciones y derechos que por esta Ley se establecen, DISPONIÉNDOSE, que la Junta de Pensiones procederá al reajuste de las pensiones de los maestros pensionados con anterioridad a la fecha en que empiece a regir esta Ley, de acuerdo con lo establecido en la Sección 14 de la misma."

No puede dudarse de la actitud de la Legislatura con respecto a las anteriores leyes de pensiones. Y en cuanto a su poder para dar retroactividad a las disposiciones de la Ley No. 68, tampoco nos parece dudoso. No había un derecho adquirido, según la jurisprudencia que citamos. Y ésta es la verdadera situación legal.

De acuerdo con lo que acabamos de decir, la ley que regía este caso era la No. 68 de 8 de mayo de 1928; y no procedía el *mandamus* solicitado.

*La sentencia apelada debe ser revocada dictándose en su lugar una declarando no proceder la expedición del auto de* mandamus.