JOSEFINA GARCÍA PAGÉS, LUISA FERNÁNDEZ CALLEJO[*] y LAURA GILESTRA, demandantes y apelantes, *v.* JOSÉ GALLARDO, como Presidente; SARA R. DE GAETÁN, Vicepresidenta; ANTONIO SARRIERA, Secretario; R. SANCHO BONET, Tesorero y FULGENCIO PIÑEIRO, Vocal, respectivamente, de la JUNTA DE PENSIONES PARA MAESTROS DE PUERTO RICO, demandados y apelados.

Núm. 7793.—*Sometido:* Febrero 1, 1940. *Resuelto:* Febrero 21, 1940.

---

[*] Desistió de su recurso y se la tuvo por desistida en febrero 7, 1940.

*Rafael Soltero Peralta,* abogado de las apelantes; *Hon. Procurador General George A. Malcolm* y *E. Campos del Toro, Primer Procurador General Auxiliar,* abogado de los apelados; *Virgilio Brunet,* abogado del Sr. Piñeiro, apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Alegan las demandantes que cada una de ellas estuvo al servicio del Gobierno Insular, como maestra de escuelas públicas, continuamente durante más de 21 años; que al aprobarse la Ley para crear un fondo de pensiones para los maestros de Puerto Rico (Ley núm. 62 de diciembre 5, 1917, Leyes de 1917 (3) pág. 397), las demandantes se acogieron a sus disposiciones, contribuyendo al fondo de pensiones con el uno por ciento del importe de sus respectivos sueldos, hasta las fechas en que respectivamente se retiraron del servicio; que al retirarse del servicio, la Junta de Pensiones les asignó a cada una de ellas una renta vitalicia, la que estuvieron recibiendo hasta el 25 de julio de 1928, en que la Junta de Pensiones se las redujo; que recibieron la pensión así reducida hasta junio 30, 1935, y que a partir de esa fecha la junta aumentó las pensiones a $28.50 mensuales, las

que han venido recibiendo las demandantes hasta la fecha de radicación de la demanda.

Continúan alegando las demandantes, que han requerido a la Junta de Pensiones para que les reembolse el importe de las deducciones sufridas por cada una de ellas, a lo cual se ha negado la Junta; que el fondo de pensiones cuenta con dinero suficiente para hacer dichos pagos; que la junta tiene el deber ministerial de autorizar dichos pagos; y que las demandantes carecen de otro remedio legal adecuado, que no sea el de *mandamus,* para obtener el pago de sus créditos.

Piden las demandantes que se ordene a los demandados que autoricen el pago de $2,446.66 a Josefina García Pagés, $2,150 a Luisa Fernández Callejo, y $2,150 a Laura Gilestra; y que se les ordene además que a partir del 1 de diciembre de 1936, fecha en que se radicó la demanda, autoricen el pago. de las pensiones de las demandantes a razón de $50 mensuales para cada una.

Expedido el auto en forma alternativa, contestaron los demandados, negando unos hechos y admitiendo otros. Y como defensas especiales alegaron en substancia:

1. Que la demanda no aduce hechos suficientes para constituir una causa de acción meritoria.

2. Que las demandantes no tienen derecho al recurso de *mandamus,* por cuanto en esta jurisdicción ''una pensión no es un derecho legal y la Legislatura tiene autoridad para cambiar, modificar o derogar las leyes de pensiones a su antojo.''

3. Que las demandantes han incurrido en negligencia *(laches)* y están impedidas de ejercitar esta acción después de haber recibido durante ocho años, sin protesta, la pensión reajustada y aceptado como buena la actuación de los demandados.

El Sr. José Joaquín Rovira, miembro de la Asociación de Maestros de Puerto Rico, radicó una demanda de intervención, en oposición a la petición de las demandantes.

La Corte de Distrito de San Juan, en 29 de diciembre de 1937, dictó sentencia desestimando la demanda e imponiendo

a las demandantes el pago de costas, sin incluir honorarios de abogado. Apelaron las demandantes, basando su recurso en trece señalamientos de error, de los cuales sólo merecen consideración los numerados 9, 10 y 12. En ellos se alega en substancia que la corte inferior erró al declarar que la validez de la ley de pensiones núm. 68 de 1928 fué sostenida en *Domenech* v. *Junta,* 42 D.P.R. 604; al sostener que la Asamblea Legislativa tiene facultad para derogar, modificar o alterar las leyes de pensiones, sin distinguir los casos de pensiones gratuitas de las pensiones bajo sistemas de retiro, en que el empleado es llamado a contribuir con parte de su sueldo para sostener el Fondo y en que la pensión forma parte del contrato con el maestro o empleado; al declarar que no se infringieron las obligaciones de un contrato, ni se privó a los maestros pensionados de su propiedad sin el debido proceso de ley.

Consideraremos dichos alegados errores conjuntamente, pues en realidad es una sola la cuestión legal sometida a nuestra decisión.

La Ley núm. 62 de 5 de diciembre de 1917, en su sección 9 dispone:

"Sección 9.—Todo maestro que en calidad de tal reciba un sueldo de El Pueblo de Puerto Rico por prestar los servicios de su profesión en cualquier institución de enseñanza pública después de estar en vigor esta Ley, contribuirá al Fondo de Pensiones, con el uno por ciento del importe de su sueldo. Los inspectores de distrito contribuirán con igual suma. Después de la aprobación de esta Ley, todos los contratos hechos por los maestros para enseñar en las escuelas públicas, se considerarán sometidos a las disposiciones de la misma, y el pago de la contribución requerida, formará parte de dichos contratos y deberá hacerse constar en ellos."

La sección 10 de la citada ley, según fué enmendada por las leyes núm. 79 de 1921 (pág. 705) y núm. 41 de 1925 (pág. 251), dispone:

"Sección 10.—Todo maestro pensionista que haya enseñado en las escuelas públicas de Puerto Rico por un período de 21 años

tendrá derecho a una pensión de acuerdo con el promedio de su sueldo en los últimos 5 años de ejercicio en la siguiente manera:

"Maestros cuyo promedio de sueldo no llegue a $75 mensuales_____ $40 mensuales:

"Maestros cuyo promedio de sueldo sea de más de $75 y menos de $100 mensuales_____ 50 ''

"Maestros cuyo promedio de sueldo sea de más de $100 y menos de $125 mensuales_____ 60 ''

"Maestros cuyo promedio de sueldo sea de más de $125 y menos de $150 mensuales_____ 70 ''

"Maestros cuyo promedio de sueldo sea de más de $150 y menos de $200 mensuales_____ 80 ''

"Maestros cuyo promedio de sueldo sea más de $200 mensuales_____ 90 ''

En mayo 8, 1928, con posterioridad al retiro de las demandantes, la Asamblea Legislativa de Puerto Rico aprobó la Ley núm. 68 (Leyes de 1928, pág. 499) que dispone:

"Sección 14.—(a) Todo maestro que haya ejercido por un período no menor de veinte y un años y que tenga cuarenta y cinco años de edad por lo menos, tendrá derecho a una pensión de acuerdo con el promedio de todos los sueldos recibidos en el siguiente ejercicio de la profesión de conformidad con la siguiente escala:

"21 años de servicio_____ 40 por ciento
"25 años de servicio_____ 50 por ciento
"30 años de servicio_____ 60 por ciento
"Más de 30 años de servicio_____ 65 por ciento

"*Disponiéndose,* que el máximum de pensión no excederá en ningún caso de seiscientos (600) dólares anuales y el mínimum no bajará de trescientos sesenta (360) dólares para los que se pensionen después de haber prestado veinte y un años de servicio; *Disponiéndose, además,* que la Junta de Pensiones queda autorizada para pagar con cargo al Fondo de Pensiones una bonificación de diez (10) dólares por cada mes escolar a todo maestro que, teniendo derecho a ser pensionado, continúe prestando sus servicios como tal maestro en las escuelas públicas de Puerto Rico."

La cuestión a resolver en el presente recurso es: ¿Tienen las demandantes algún derecho adquirido al amparo de la

Ley núm. 62 de diciembre 5 de 1917, que haya sido infringido mediante la aplicación de la legislación posterior, o sea de la sección 14(a) de la Ley núm. 68 de 1928?

Lo primero que debemos determinar es si las contribuciones que hacen los maestros al fondo de pensiones creado por la Ley núm. 62 de 1917 son "compulsorias" o "voluntarias." A nuestro juicio, la contribución es de naturaleza compulsoria. No dice la ley que el maestro podrá o tendrá derecho, a su voluntad, a contribuir. "Todo maestro—dice el estatuto—que en calidad de tal reciba un sueldo de El Pueblo de Puerto Rico . . . . *contribuirá* al Fondo de Pensiones, con el uno por ciento del importe de su sueldo." La ley no concede al maestro una opción o derecho de elección. Si acepta un puesto de maestro, desde ese momento queda obligado a contribuir al fondo con el uno por ciento del importe de su sueldo; y la cantidad anual con que debe contribuir le es descontada de su sueldo del mes de marzo de cada año. Si el maestro se negase a aceptar la obligación de contribuir al fondo, el Departamento de Instrucción no podría emplearle como maestro, pues es un mandato imperativo de la ley que todo maestro debe contribuir al fondo de pensiones. La disposición legal de que en todos los contratos hechos por los maestros se hará constar la obligación de pagar la contribución al fondo de pensiones, no quita a la contribución el carácter de compulsoria. ¿Podría un maestro insistir con éxito en que en su contrato no se hiciera constar tal obligación? Seguramente que no, pues la otra parte contratante no podría dar su consentimiento para la eliminación de esa cláusula. La obligación de contribuir al fondo de pensiones no surge de la libre voluntad del maestro y sí del mandato de la ley; y esa obligación formaría parte del contrato entre el maestro y el Gobierno aun cuando no se hiciera mención de ella en el contrato.

Siendo compulsoria la contribución al fondo, el pago de la pensión no debe ser considerado como una obli-

172

gación contractual que no pueda ser afectada por legislación posterior que reduzca la cantidad que por concepto de pensión deba pagarse al maestro retirado. El pensionista no tiene ningún derecho adquirido a que se le continúe pagando indefinidamente la misma cantidad que se le empezó a pagar en la fecha de su retiro. La pensión puede ser abolida o reducida a voluntad del Gobierno. Así lo resolvió la Corte de Circuito para el Primer Circuito en *MacLeod* v. *Fernández,* 101 F. (2d) 20, en el cual se alegó que la sección 11 de la Ley núm. 23 de julio 16 de 1935 (Leyes de 1935 (2) pág. 127), que redujo la pensión originalmente concedida a un empleado del Pueblo de Puerto Rico, violaba las disposiciones de la sección 2 de la Carta Orgánica de Puerto Rico de 1917 al privar a dicho empleado de los derechos adquiridos al amparo de la Ley núm. 73 de 1930 (Leyes de 1930, pág. 451).

Nos sentimos obligados por la decisión de la Corte de Circuito en *MacLeod* v. *Fernández,* supra, a resolver que las demandantes apelantes no tienen derecho alguno adquirido a que se les siga pagando la pensión originalmente fijada para cada una de ellas. Véanse además: 21 R. C. L. 242; *City of Dallas* v. *Trammell,* 129 Tex. 150, 112 A. L. R. 997; *People* v. *Retirement Board,* 326 Ill. 579, 54 A. L. R. 940; *Raines* v. *Board of Trustees,* 365 Ill. 610, 7 N. E. 2d 489; *Dodge et al.* v. *Board of Education,* 364 Ill. 547, 5 N.E. 2d 84.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. De Jesús no intervino.