## UNITED STATES *v.* TELLER.

By a special act, B. was allowed a pension of fifty dollars per month, which was paid to him until he claimed and received, under a subsequent general act, seventy-two dollars per month. *Held,* that he is not entitled to take under both acts.

ERROR to the Supreme Court of the District of Columbia.

Section 4 of the act of March 3, 1873, c. 234, entitled " An Act to revise, consolidate, and amend the pension laws," provides that from and after June 4, 1872, all persons entitled by law to a less pension than thereinafter specified, who, while in the military or naval service of the United States, and in the line of duty, have been so permanently and totally disabled as to render them utterly helpless, or so nearly so as to require the regular personal attendance of another person, shall be entitled to a pension of thirty-one dollars and twenty-five cents per month.

The act of June 18, 1874, c. 298, granted a pension of fifty dollars per month to the persons described in the act of March 3, 1873, in lieu of the pension of thirty-one dollars and twenty-five cents granted by that act.

The act of June 16, 1880, c. 236, provides as follows: " All soldiers and sailors . . . who are now receiving the pension of fifty dollars per month," under the act last aforesaid, " shall receive, in lieu of all pensions now paid them by the government of the United States, and there shall be paid to them, in the same manner as pensions are now paid to such persons, the sum of seventy-two dollars per month." It further declares " that all pensioners whose pensions shall be increased by the provisions of this act, from fifty dollars per month to seventy-two dollars per month, shall be paid the difference between said sums monthly, from June 17, 1878, to the time of the taking effect of this act."

Prior to the passage of the last-mentioned act Congress had passed the act of March 3, 1879, c. 290, entitled " An Act granting an increase of pension to Ward B. Burnett." It is as follows: " That the Secretary of the Interior be, and he is hereby, authorized and directed to place on the pension-roll the name of Ward B. Burnett, and pay him a pension of fifty

dollars per month in lieu of the pension he now receives; but nothing in this act contained shall entitle the said Ward B. Burnett to arrears of pension."

On Oct. 20, 1882, Ward B. Burnett, the person named in the act last mentioned, filed, as relator, in the name of the United States, a petition in the Supreme Court of the District of Columbia against Henry M. Teller, Secretary of the Department of the Interior, in which he recited the foregoing legislation of Congress, and averred that he was a survivor of the war with Mexico, and other wars, in which he was an officer in the army of the United States; that he was wounded at the battle of Cherubusco on Aug. 24, 1847; that for wounds received in battle he was paid, under the general laws, a pension at the rate of thirty dollars per month, which he received from Aug. 1, 1848, until March 3, 1879; that under the special act of the date last mentioned a pension certificate, dated June 6, 1879, signed by the Secretary of the Interior and countersigned by the Commissioner of Pensions, was executed and delivered to him, on which he was paid from March 3, 1879, to June 4, 1882, a pension at the rate of fifty dollars per month.

The petition further alleged that the relator had applied to the Commissioner of Pensions to be paid the increased rates of pension authorized by the said acts of Congress, approved respectively March 3, 1873, June 18, 1874, and June 16, 1880, and had received another pension certificate, dated July 17, 1882, which recited that the relator was entitled to a pension at the rate of thirty dollars per month, to commence on Aug. 1, 1848, and of thirty-one and one-fourth dollars per month from June 4, 1872, and of fifty dollars per month from June 4, 1874, and seventy-two dollars per month from June 17, 1878; that on July 21, 1882, the relator returned to the Secretary of the Interior the pension certificate which had been issued to him under the special act of Congress passed March 3, 1869, granting him a pension of fifty dollars per month; that when he returned said certificate he was without the advice of counsel, and was fearful that he would be deprived of his greater pension under the general pension laws; and that, on Oct. 4, 1882, relator respectfully demanded in writing of the Secretary of the Interior that he return to him said certificate, which the

Secretary, by his decision made Oct. 18, 1882, refused to do. The petition prayed for the writ of *mandamus* to compel the Secretary to return said certificate to the relator, and to cause to be paid to him the accrued pension due thereon.

The Secretary of the Interior filed an answer to this petition, in which he alleged that since June 4, 1872, the relator had received under the general pension laws payments as follows: From June 4, 1872, to June 4, 1874, the sum of $750, being at the rate of $31.25 per month; from June 4, 1874, to June 17, 1878, the sum of $2,421.66, being at the rate of $50 per month; from June 17, 1878, to June 4, 1882, the sum of $3,424.80, being at the rate of $72 per month; from June 4, 1882, to Sept. 4, 1882, at the same rate, $216, — making in all the sum of $6,812.46; and that, in addition to the payments under those laws, he had received, under the special act of March 3, 1879, granting him by name a pension at the rate of fifty dollars per month, payments as follows: from March 3, 1879, to June 4, 1882, the sum of $1,951.67, being at the rate of $50 per month.

The answer further alleged that on July 21, 1882, the relator addressed a letter of that date to the Secretary of the Interior, with which he returned the certificate dated June 17, 1882, issued to him under the special act of March 3, 1879, granting him a pension of fifty dollars per month. That letter was as follows: —

"WASHINGTON, July 21st, 1882.

"Hon. H. M. TELLER, *Secretary of the Interior.*

"SIR, — To relieve your department from further embarrassment in reference to what has been styled Gen. Ward B. Burnett's claim of double pension, I hereby return to you my certificate, and relinquish any claim that I may have under it from date of this letter, made under a special act of Congress (increase), dated March 3d, 1879, upon which I have been drawing fifty dollars per month, and shall be satisfied with receiving my pension under the general pension laws, granted by yourself, under the several opinions of the Attorney-General, dated July 17, 1882, until Congress, in its bounty, shall think proper to increase my pension of seventy-two dollars per month under said general pension laws again.

"I have the honor to be, very respectfully, yours,

"WARD B. BURNETT."

The case having, by stipulation of parties, been heard in the first instance at the general term of the Supreme Court of the District, a judgment was rendered dismissing the petition. This writ of error is prosecuted to review that judgment.

*Mr. James H. Mandeville* for the plaintiff in error.
*The Solicitor-General, contra.*

MR. JUSTICE WOODS delivered the opinion of the court, and, after stating the case as above, proceeded as follows : —

The relator does not claim that there is anything due him under the pension laws prior to June 4, 1872. It appears from the answer of the Secretary of the Interior, and there is no evidence to the contrary, that since June 4, 1872, the relator has received every cent that is due him under the general pension laws. The special act of March 3, 1879, c. 290, declared that the pension of fifty dollars thereby granted to him by name should be in lieu of the pension he was then receiving, and at least cut off all claim to arrears of pensions under it. All, therefore, that is left of his case is his contention that in addition to that pension he is entitled to seventy-two dollars per month allowed him by the act of June 16, 1880, c. 236, and which has been paid him.

It appears from the answer of the Secretary of the Interior that under the advice of the Department of Justice the relator was paid both pensions from March 3, 1879, to June 4, 1882. The complaint of the relator is that the payment of double pensions is not continued, and it is for the purpose of enforcing his right to his special pension of fifty dollars, in addition to the general pension of seventy-two dollars, that he asks that the Secretary of the Interior may be compelled to return the certificate issued to him under the special act.

The right of the relator to double pensions, if he ever had such right, has been effectually cut off by sect. 5 of the act of July 25, 1882, c. 349, which declares " that no person who is now receiving or shall hereafter receive a pension under a special act shall be entitled to receive, in addition thereto, a pension under the general law, unless the special act expressly states that the pension granted thereby is in addition to the pension which said person is entitled to receive under the general law."

It was competent for Congress to pass this act. No pensioner has a vested legal right to his pension. Pensions are the bounties of the government, which Congress has the right to give, withhold, distribute, or recall, at its discretion. *Walton* v. *Cotton*, 19 How. 355. Therefore, the contention of the relator that, having received the pension of seventy-two dollars under the general law, he is also entitled to the pension of fifty dollars granted him by the special act, is without ground to rest on.

His pension certificate, issued under the special act, can be of no service to him unless he wishes to relinquish the pension of seventy-two dollars under the general law, and fall back upon the pension of fifty dollars granted him by the special act. But he expresses no such purpose. His object is to get the certificate in order to draw double pensions, which the law says he shall not have. He voluntarily surrendered his pension under the special act, in order to receive the larger pension to which he became entitled on the passage of the general act of June 16, 1880. As he is not entitled to any pension money upon the certificate under the special act, which he voluntarily surrendered, unless he waives his right to receive the larger pension given him by the general law, which he does not do, a judgment that the certificate be returned to him would be futile. From all that appears by the record the relator has been accorded by the officers of the Department of the Interior and of the Pension Bureau all his rights. Up to Sept. 4, 1882, he was paid all the pension money due him under any act of Congress. After that date he is entitled under existing laws to a pension of seventy-two dollars per month and no more, and this the Pension Bureau is ready to pay him. The Supreme Court of the District was, therefore, right in refusing the writ of *mandamus*, and its judgment must be

*Affirmed.*