SERAFÍN DOMENECH, Petitioner and Appellee, *v.* TEACHERS' PENSION BOARD OF PUERTO RICO, ETC., Respondent and Appellant.

No. 5334.  Argued February 11, 1931.—Decided July 9, 1931.

A. *Ortiz Toro, Acting Attorney General,* and *R. Cordovés Arana, Assistant Attorney General,* for appellant. *García Méndez & García Méndez* for appellee.

Mr. Justice Texidor delivered the opinion of the Court.

In this case the parties before the district court entered into a stipulation which it becomes necessary to transcribe here in order to have a solid ground as regards the facts.

In its pertinent part the stipulation reads as follows:

"1.—The defendant admits all the facts set forth in the petition for mandamus but with the explanation, in connection with the sixth paragraph thereof, that on February 7, 1928, at a meeting of the Board, its Secretary reported an application for a pension of the petitioner herein, Mr. Domenech, and the said Board unanimously resolved to lay the said application upon the table for consideration at a future meeting, owing to the fact that the funds available were low and it desired to apply them to pay teachers already pensioned and to take care of such as might be disabled physically; as to the eighth paragraph, that the resolution of the Board denying the application of the petitioner for a pension was adopted on March 30, 1929.

"2.—That the theory of the defendant is that this case is controlled and governed by Act No. 68 of May 8, 1928, and that under the provisions thereof the petitioner, Serafín Domenech, has failed to comply with all its requirements, because the petitioner was not forty-five years old either at the time of filing his application or when the same was denied, nor had he contributed to the pension fund for teachers for a period of five years, counted from May 8, 1928, the date of approval of said act. It is further stipulated that the plaintiff admits that the petitioner was not 45 years old on the above dates, and that he had not contributed to the pension fund for teachers during five years subsequent to the approval of the law in force."

Serafín Domenech, who is 42 years old, a public-school teacher and school director in Aguada, Puerto Rico, taught in the public schools of Puerto Rico from 1906 until the school year 1925–1926, and thereafter he worked as school director of Aguada. At the time of the filing of his petition for retirement involved herein, he had served as a teacher for more than twenty-one years, and had contributed to the pension fund for teachers for over six years and was still contributing. In January, 1928, Serafín Domenech applied to the Teachers' Pension Board of Puerto Rico for a pension under the Pension Act, as amended by Act No. 79 of 1929 and Act No. 41 of 1925. The board did nothing until May 5, 1928, when by reason of the scarcity of funds and the necessity of applying those existing to the relief of the teachers already pensioned and of such as might become physically disabled, it decided to postpone action on the application. Subsequent to May 5, 1928, the Legislature of Puerto Rico passed Act No. 68 creating a pension fund for the teachers of Puerto Rico, and on May 30, 1929, the board considered the application of Domenech and rejected the same on the ground that the petitioner did not meet the conditions prescribed by the law then in force. A petition for reconsideration was also denied. Such are the facts on which was based the application in the mandamus proceedings wherein a final writ was issued by the court commanding the board to grant a pension to the petitioner. The present appeal has been taken from that decision.

By Act No. 62 of 1917 there was created a pension fund for the teachers of Puerto Rico. A Pension Board was thereby established and it was provided that teachers rendering their professional services in public institutions in Puerto Rico should contribute one per cent of their salaries to the pension fund, such contribution to be a part of their contract. It was provided that such teachers covered by this act as had taught in the public schools of Puerto Rico for a period of twenty-five years, and those who became

physically disabled after having served for fifteen years, would be entitled to a pension.

The above act was amended by Act No. 69 of 1921, in which the period of service required for a pension was fixed at twenty-one years. Both acts were amended by Act No. 41 of 1925 in some particulars which are immaterial in the present case.

Such was the law in force at the time Serafín Domenech applied to the board for a pension. But while his application was pending, the Legislature of Puerto Rico passed, on May 8, 1928, Act No. 68, creating a pension fund for the teachers of Puerto Rico and appropriating money for that purpose. The right to a pension was thereby granted to teachers in Puerto Rico who render their services and contribute with a percentage of their salaries, according to a graded scale included in the act, to the pension fund. The form of contribution is specifically provided, and it is prescribed that the same be included in the contracts and that it shall be compulsory. It is also provided that teachers who have taught not less than twenty-one years and who are at least forty-five years old, and those who are physically disabled, are entitled to a pension. The scale of pension is established. Apart from other provisions which are not now pertinent, mention should be made of section 16 which expressly provides for the repeal of all laws in conflict with said act and makes the latter retroactive as from the date on which Act No. 62, approved December 5, 1917, as amended by Act No. 69 of July 21, 1921, and by Act No. 41 of July 20, 1925, became effective. The Act took effect upon its approval.

In support of its contentions, in its argument under the assignments of error the appellant cites several important cases, among them, *U. S.* v. *Teller,* 107 U. S. 64; *Pennie* v. *Reis,* 132 U. S. 464; *People* v. *Hanson,* 330 Ill. 79; *Gibbs* v. *Minneapolis Fire Dept. Relief Association,* 125 Minn. 174,

and others; and from this jurisdiction, the case of *Luján* v. *Insular Police Commission*, 38 P.R.R. 52.

There is no doubt that the general rule is that a pension is nothing else than a periodical allowance, bounty, or gratuity granted by a government to a certain class of persons in consideration of past services or of loss or injury sustained in the public service. This is, more or less, the definition that we find in Corpus Juris.

A pension, therefore, is not compulsory or obligatory in character either as to its origin or its continuance. Such is the meaning of the jurisprudence. As a voluntary and gracious act of the sovereign power, it does not impose on the latter any strict liability of a contractual nature. We are referring to the pension in its true sense.

But modifying somewhat the nature of a pension, the system has been adopted of compelling the employee to contribute to the fund. In some cases he has been given the option to contribute and be entitled to the pension or not to contribute and lose all right thereto. In other cases the government in a conclusive and express manner has imposed upon the employee the duty to contribute, making itself the depositary of the percentage imposed and assuming the risk in cases of physical disability or incapacity.

This method of establishing the pension has raised certain problems for the courts. In their legal aspects, these problems have been solved by the highest authorities.

The right of legislatures to repeal, modify, or alter the pension laws has been challenged. In *United States* v. *Teller*, 107 U. S. 64 and in *Frisbie* v. *United States*, 157 U. S. 160, that right was upheld. In the latter of these two cases the Court said:

"Congress being at liberty to give or withhold a pension, may prescribe who shall receive it, and determine all the circumstances and conditions under which any application therefor shall be prosecuted. No man has a legal right to a pension and no man has a

legal right to interfere in the matter of obtaining pensions for himself or others."

The Supreme Court in its decision in *United States* v. *Teller, supra,* declared:

"It was competent for Congress to pass this act. No pensioner has a vested legal right to his pension. Pensions are the bounties of the government, which Congress has the right to give, withhold, distribute, or recall, at its discretion. Walton v. Cotton, 19 How. 355. Therefore, the contention of the relator that, having received the pension of seventy-two dollars under the general law, he is also entitled to the pension of fifty dollars granted him by the special act, is without ground to rest on."

A brief summary of the facts involved, in *Pennie* v. *Reis, supra,* is to be found in our decision in *Luján* v. *Insular Police Com.,* 38 P.R.R. 52, 56. In the opinion in the *Luján* case, *supra,* we also transcribed the language of the Supreme Court of the United States establishing the legal doctrine applicable in the matter now under our consideration. We quote from that language as follows:

" ' . . . . The direction of the State, that the fund should be one for the benefit of the police officer or his representative, under certain conditions, was subject to change or revocation at any time at the will of the legislature. There was no contract on the part of the State that its disposition should always continue as originally provided. Until the particular event should happen upon which the money or any part of it was to be paid, there was no vested right in the officer to such payment.' 132 U. S. Rep. 471." *Luján* v. *Insular Police Commission,* 38 P.R.R. 52, 57.

In the *Luján* case, *supra,* there was involved an amendment to the Pension Act whereby the pension would be discontinued when the person receiving it filled an office on ·a salary or compensation basis in the federal, insular, or municipal governments.

Section 16 of Act No. 68 of May 8, 1928, which applies in the present case, reads as follows:

"Section. 16.—All laws or parts of laws in conflict herewith are hereby repealed, it being understood that for the purposes

of Section 14, this Act shall have retroactive effect from the date on which Act No. 62, approved December 5, 1917, and amended by Act No. 69, approved July 21, 1921, and by Act No. 41, approved July 29, 1925, became effective teachers enjoying the benefits of these Acts to be subject to the obligations and entitled to the rights established hereby; *Provided,* That the Pension Board shall readjust the pensions of teachers pensioned prior to the date on which this Act takes effect, according to the provisions of Section 14 hereof."

No doubt can be entertained as to the attitude of the Legislature with reference to former pension statutes. Its power to give retroactive effect to the provisions of Act No. 68 does not appear to us to be questionable either. No vested right existed, according to the jurisprudence cited by us. And this is the true legal situation.

From what we have stated it follows that Act No. 68 of May 8, 1928, was the statute governing this case, and that the writ of mandamus sought did not lie.

The judgment appealed from must be reversed and another rendered instead denying the petition for mandamus.