Whaley, Judge,
delivered the opinion of the court:
The plaintiff enlisted in the Regular Army September 14, 1885, and served continuously therein until January 27,1913, when, having completed thirty years’ service as an enlisted man, he Avas retired in accordance with the provisions of the act of March 2, 1907, 34 Stat. 1217; U.S.C., title 10, sec. 947. Under this act plaintiff was entitled to and received pay as a retired enlisted man at the rate of 75% of the pay and alloAvances he Avas then in receipt of. On June 2, 1917, the plaintiff accepted a commission as a first lieutenant in the National (Emergency) Army and served in that capacity until December 30,1920, when he was honorably discharged from his commissioned service. During his service as a commissioned officer in the National Army plaintiff incurred permanent physical disability to a degree of more than thirty percent. The plaintiff seasonably applied to the United States Veterans’ Bureau for retirement under the Emergency Officers’ Retirement Act of May 24, 1928, 45 Stat. 735; U.S.C., title 38, sec. 581, without formally Avaiving the benefits of a retired enlisted man Avho was a commissioned officer in the World War, and was granted an award of $175 per month under said act, effective from September 27, 1928. HoAvever, the Veterans’ Bureau has not paid the plaintiff the full amount of $175 per month but only the difference between the amount the plaintiff receives as a retired enlisted man, $138.75 per month, and $175 per month as a disabled commissioned officer, or $36.25.
*398 The plaintiff contends he is entitled to the full amount of the award granted him as a disabled emergency officer, together with his pay as a retired enlisted man; that one is for permanent injuries received in line of duty while a commissioned officer of the Emergency Army, the other for length of service in the Regular Army, and that these are separate and distinct services. In other words, the contention is that the plaintiff is entitled to both the retired pay of an enlisted man, $138.75 per month, and also the $175 per month awarded him as a disabled emergency officer, or $313.75 per month from the Government. This suit is brought for the purpose of recovering the difference in pay between the $36.25 received each month from the Veterans’ Bureau and the $175 which was allowed.
The defendant contends that when the plaintiff filed his application for benefits under the 1928 act he thereby made an election to accept the benefits of that act, if found entitled thereto, in lieu and exclusive of all other retirement benefits. In plain language the plaintiff contends for double retirement benefits, and the defendant claims he is entitled only to a single benefit.
The facts are not in dispute. The statutes are not in dispute — only their application. The sole question in the case for decision is — Is plaintiff entitled to both benefits under the statutes? Both are gratuities granted by the Government for service in the Army.
The plaintiff being a retired enlisted man of the Army who had served honorably as a commissioned officer of the Army of the United States during the emergency period named in the statute, applied for and received the pay of a retired warrant officer of the Army. He drew the compensation of a warrant officer, not as a retired enlisted man, under the 1924 act until 1928, when an act was passed commonly known as the “ Emergency Officers’ Retirement Act.” This act provided:
“ That all persons who have served as officers of the Army, Navy, or Marine Corps of the United States during the World War, other than as officers of the Regular Army, Navy, or Marine Corps, who during such service have in *399 curred physical disability in line of duty, and who have been, or may hereafter, within one year, be rated in accordance with law at not less than 30 per centum permanent disability by the United States Veterans’ Bureau for disability resulting directly from such war service, shall, from date of receipt of application by the Director of the United States Veterans’ Bureau, be placed upon, and thereafter continued on, separate retired lists, hereby created as part of the Army, Navy, and Marine Corps of the United States, to be known as the “Emergent Officers’ Retired List” of the Army, Navy, or Marine Corps of the United States, respectively, with the rank held by them when discharged from their commissioned service, and shall be entitled to the same privileges as are now or may hereafter be provided for by law or regulations for officers of the Regular Army, Navy, or Marine Corps who have been retired for physical disability incurred in line of duty, and shall be entitled to all hospitalization privileges and medical treatment as are now or may hereafter be authorized by the United States Veterans’ Bureau, and shall receive from date of receipt of their application retired pay at the rate of 75 per centum of the pay to which they were entitled at the time of their discharge from their commissioned service, except pay under the act of May 18, 1920: Provided, That all pay and allowances to which such persons or officers may be entitled under the provisions of this law shall be paid solely out of the military and naval compensation appropriation fund of the United States Veterans’ Bureau, and shall be in lieu of all disability compensation benefits to such officers or persons provided in the World War Veterans’ Act, 1924, and amendments thereto, except as otherwise authorized herein, and except as provided by the act of December 18, 1922.”
He made application under this act for the pay of an officer, not of the Regular Army who had served during the World War, but as an emergency officer who during such service had incurred physical disability in line of duty, of over 30 percent permanent disability, and his application was granted. His name was placed on a separate retired list of the Army known as the “Emergency Officers’ Retired List” and with the rank held by him when discharged from his commissisoned service, and he was entitled to all the privileges accorded officers of the Regular Army. It will be seen that the plaintiff has received an increase in *400 retired pay from that of an enlisted man retired after 30 years’ service to that of a commisssioned officer serving during the World War who had been a retired enlisted man and then another increase in compensation from a warrant officer’s pay to that of a commisssioned officer retired for disability incurred in line of duty during the World War. Each increase was due to some particular service to his country and each increase was a reward in recognition of some service.
Retirement pay and compensation for injuries received in line of duty, like “ Pensions are bounties of the Government, which Congress has the right to give, withhold, distribute, or recall, at its discretion.” Walton v. Cotton, 19 How. 355; United States v. Teller, 107 U.S. 64, 68. All are gratuities bestowed by Congress in recognition of services rendered. The whole legislative history of gratuities granted by Congress shows a clear and unmistakable intention that a recipient shall not enjoy more than one at the same time. The decisions of the courts from the Teller case, supra, have uniformly held where a recipient was otherwise entitled to more than one pension or gratuity under the law an election had to be made or it would be presumed that an election had been made in favor of the greater award. Hines v. United States, 39 Fed. (2d) 517; United States v. Hines, 50 Fed. (2d) 330.
The plaintiff is receiving the full amount specified in the 1928 act to which he is entitled. It may come from separate funds appropriated by Congress, but all of it comes out of the Treasury of the Government. The plaintiff is not entitled to more than one compensation and as he is receiving the full amount provided by law he can receive no more. The policy of the Government has always been against double pensions and compensations. It is no concern of this court from what funds the plaintiff is paid so long as he receives the full amount from the Government to which he is entitled.
The petition is dismissed. It is so ordered.
Williams, Judge; LittletoN, Judge; GREEN, Judge; and Booth, Chief Justice, concur.