**UNITED STATES of America,**
**Plaintiff,**

v.

**James A. PERRY, Defendant.**

**Civ. No. 740.**

United States District Court
E. D. North Carolina,
Raleigh Division.

June 4, 1956.

Julian T. Gaskill, U. S. Atty., Raleigh, N. C., for plaintiff.

John F. Matthews, Louisburg, N. C., for defendant.

GILLIAM, District Judge.

Upon the pleadings and affidavits filed, the plaintiff has moved for summary judgment under Fed.Rules Civ.Proc. rule 56(a), 28 U.S.C.A. The defendant has filed no counter-affidavits.

These facts are established:

For the period between February 1, 1947, and August 13, 1948, the defendant veteran received a total of $800.00 as readjustment allowance under Title 38, Sec. 696d, U.S.C.A., the first check being dated May 5, 1947; on January 19, 1949, the defendant appeared at a hearing before the Appeals Deputy of the Employment Security Commission of North Carolina and such Deputy found the defendant had falsely certified that he was fully engaged in farming and had had no income during the month of February, 1947, when in fact he had been engaged in non-farm employment and had been paid wages during that month; having so found, the Deputy concluded that plaintiff, under Sec. 696k, Title 38, became ineligible to receive allowances after such false representation and demand was "made upon the claimant for the repayment of all allowances paid to him to which he was not entitled on and after February 1, 1947"; the amount received by the veteran after February 1, 1947, as set out above, was $800, but the defendant is entitled to credit for $143, National Service Life Insurance dividend, which has been applied; the Veterans Administration Adjustment Allowance Agent concurred in the determination and defendant was notified on January 28, 1949, of his right to appeal to the Administrator of Veterans Affairs. No appeal was taken.

Under Sec. 705, Title 38, as plaintiff says, the decision of the Administrator of Veterans Affairs is conclusive, that, therefore, there is no genuine issue as to any material fact, and plaintiff is entitled to judgment under Rule 56; Sec. 705, Title 38, in its pertinent part, reads: "All decisions rendered by the Administrator of Veterans' Affairs * * * shall be final and conclusive on all questions of law and fact, and no other official or court of the United States shall have jurisdiction to review * * * any such decision."

The applicable statutes and regulations were followed in the procedure in this case, and I am of the opinion that upon the facts established the decision of the Administrator is final and this Court has no authority to review it.

The defendant takes his stand upon two contentions: 1st, that so far as Sec. 705 is concerned there has been no decision of the Administrator; and 2nd, the Act contains no provision for recovery of allowances already paid, but only provides ineligibility to receive future allowances.

It seems clear to me that there has been a decision of the Administrator. A decision was made by the Appeals Deputy of the State Agency and also by the

Readjustment Allowance Agent of the Veterans Administration, both acting for the Administrator, and no appeal was taken to the Administrator, so that, in my opinion, the decision became that of the Administrator. But the defendant's counsel points out that the Readjustment Allowance Agent only concurred "in (the) determination of the State Agency holding that the claimant is ineligible to receive any further allowance under Title V of the Servicemen's Readjustment Act of 1944", and that he made no demand for repayment of any allowance, and did not decide that the veteran was ineligible to receive allowances already paid. It was not required that demand be made for repayments of allowances unlawfully received and I think it clear that the decision of the Readjustment Allowance Agent (in behalf of the Administrator) that "the claimant is ineligible to receive any further allowance" is tantamount to a decision that claimant was ineligible to receive any further allowance after the occurrence of the disqualifying act, that is, the false representation with respect to the month of February, 1947.

It appears, as defendant's counsel says, that the Act does not expressly authorize action to recover payments already made, but under general principles of law such right exists. To be sure, when it appears that one, by means of false representation has obtained from another money to which he was not entitled and which it was unlawful for him to receive, an action will lie for its recovery. As a general rule, money paid voluntarily cannot be recovered but here the allowances were paid without knowledge of the disqualifying act of the defendant. In Bull v. United States, 295 U.S. 247, 55 S.Ct. 695, 700, 79 L.Ed. 1421, the Supreme Court quoted with approval from United States v. State Nat. Bank, 96 U.S. 30, 24 L.Ed. 647, as follows: " 'An action will lie whenever the defendant has received money which is the property of the plaintiff, and which the defendant is obliged by natural justice and equity to refund' ". So an action lies here since by use of a false representation the defendant received money of the plaintiff to which he was not entitled. " 'Natural justice and equity' " oblige him to refund it.

The United States is entitled to its motion for summary judgment and such judgment will enter.