**UNITED STATES of America,
Plaintiff,**

v.

**Edward J. ROHDE, Defendant.
Civ. No. 741.**

United States District Court
D. South Dakota, W. D.
Dec. 22, 1960.

Clinton G. Richards, U. S. Atty., by William J. Srstka, Asst. U. S. Atty., Sioux Falls, S. D., for plaintiff.

J. W. Grieves, Winner, S. D., for defendant.

BECK, District Judge.

The plaintiff's action against the defendant is predicated on the theory that he improperly procured payments from the United States Government under the Servicemen's Readjustment Act of 1944 (38 U.S.C. 696 et seq.) from February through October 1947, by representing that he was self-employed when in fact he wasn't. Sought, in the case, is a judgment for the total of those payments and interest thereon at the legal rate.

Under this record it is conclusively established: (1) that the defendant wasn't self-employed at the time he applied for those payments and when he got them; (2) that a finding to that effect was entered after hearing before the Employment Security Department of South Dakota, the agency in charge of the administration of that Act; (3) that on appeal its decision was affirmed; (4) that the defendant was given and had notice of all of those proceedings, including entry of notice of denial of that appeal and right of appeal, and (5) that the time for appeal therefrom had expired before this action was commenced.

The foregoing findings foreclose his claims that the Administrator failed to follow the provisions of the statutes and the regulations thereunder prescribed in a hearing of this kind.

There is the further contention on the part of the defendant that his constitutional rights were violated, this on the theory that he had been misled by the Administrator during the course of the hearings which were held, to the point that he believed, (a) that his payments would not be ended; (b) that the hearings were perfunctory; (c) that the first hearing involved previous payments as well as the November payment; (d) that he did not receive a copy of the decision and (e) that he for all of those reasons is entitled to judicial review.

Any and all irregularities which may have taken place in the course of the hearings, as indicated, are settled by the findings. There remains the question of violation of any constitutional rights. On that point the statutes, the regulations and the cases are decisive against the defendant. 38 U.S.C. § 696d in part provided:

"Eligibility of self-employed persons; conditions; amount and time of payments

"(a) Any person qualified under subsection (a) of section 696 of this title, and residing in the United States who is self-employed for profit in an independent establishment, trade, business, profession, or other vocation shall be eligible for readjustment allowances under this subchapter within the time periods applicable, and not in excess of the total amount provided in this subchapter.

"(b) Upon application by the veteran showing, in accordance with rules prescribed by the Administrator, that he has been fully engaged in such self-employment and that his net earnings in a trade, business, profession, or vocation, have been less than $100 in the previous calendar month, the veteran shall be entitled to receive, subject to the limitations of this subchapter as to time and amount, the difference (adjudged to the next highest multiple of $1), between $100 and his net earnings for such month."

and 38 U.S.C. § 211(a):

"Except as provided in Sections 784, 1661, 1761, and as to matters arising under chapter 37 of this title, the decisions of the Administrator on any question of law or fact concerning a claim for benefits or payments under any law administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision."

See also 38 U.S.C. § 696f(b) and 44 U. S.C.A. §§ 305, 307 and 311 and 38 CFR, Sections 36.5001 to 36.5009. These are to the effect that the Administrator of Veterans Affairs is authorized to prescribe rules and regulations necessary to carry out the publications of the Act, that when published as required they give legal notice of their contents and that they may be codified in separate volumes.

■ Vested rights are not involved in this case. The record deals with overpayment of a veteran's benefit. Such benefits are gratuities. Lynch v. United States, 292 U.S. 571, 54 S.Ct. 840, 842, 78 L.Ed. 1434, where it is held:

"Pensions, compensation allowances and privileges are gratuities. They involve no agreement of parties; and the grant of them creates no vested right. The benefits conferred by gratuities may be redistributed or withdrawn at any time in the discretion of Congress."

and again, Frisbie v. United States, 157 U.S. 160, 15 S.Ct. 586, 588, 39 L.Ed. 657:

"The pension granted by the government is a matter of bounty. 'No pensioner has a vested legal right to his pension. Pensions are the bounties of the government, which Congress has the right to give, withhold, distribute, or recall at its discretion. Walton v. Cotton, 19 How. 355. [15 L.Ed. 658].' United States [ex rel. Burnett] v. Teller, 107 U.S. 64, 68 [2 S.Ct. 39, 27 L.Ed. 352].

"Congress being at liberty to give or withhold a pension, may prescribe who shall receive it, and determine all the circumstances and conditions under which any application therefor shall be prosecuted. No man has a legal right to a pension, and no man has a legal right to interfere in the matter of obtaining pensions for himself or others. The whole control of that matter is within the domain of Congressional power."

See also Smith v. United States, 8 Cir., 83 F.2d 631 and United States v. Daubendiek, D.C., 25 F.R.D. 50, 54.

■ Generally it is held that a veteran can not directly attack the decision of the Administrator pertaining to benefits. Strong v. United States, D.C., 155 F.Supp. 468, 469, appeal dismissed 356 U.S. 226, 78 S.Ct. 709, 2 L.Ed.2d 712, where we find this statement:

"When the United States creates rights in individuals against itself, it is under no obligation to provide a remedy through the courts. United States v. Babcock, 250 U.S. 328, 331, 39 S.Ct. 464, 63 L.Ed. 1011. It may limit the individual to administrative remedies."

and again in Slocumb v. Gray, 86 U.S. App.D.C. 5, 179 F.2d 31, 34:

"(3) Under these enactments, the District Court lacked jurisdiction to review the merits of the Administrator's decision on appellant's application, had the administrative proceeding progressed far enough to reach him. Moreover, the authority of Congress to withhold judicial review here is now beyond question. Veterans' benefits are mere gratuities and 'the grant of them creates no vested right.'"

"The United States is not, by the creation of claims against itself, bound to provide a remedy in the courts."

Moreover, decisions of an Administrator relating to gratuity benefits are not subject to judicial review. Hahn v. Gray, 92 U.S.App.D.C. 188, 203 F.2d 625; Van

Horne v. Hines, 74 App.D.C. 214, 122 F. 2d 207 and Strong v. United States and Slocumb v. Gray, supra. Such special statutory provisions precluding judicial review are not affected by the Administrative Procedure Act, Title 5 U.S.C.A. § 1009.

Under this record it is conclusively established that the Government made overpayments to the defendant, while he was without the benefits of the Act invoked. Is the plaintiff, then, entitled to a judgment for the amount it seeks in view of the provisions of Title 38 U.S.C. § 453 [1] that:

> "There shall be no recovery of payments from any person who, in the judgment of the Administrator of Veterans' Affairs, is without fault on his part and where, in the judgment of the Administrator, such recovery would defeat the purpose of benefits otherwise authorized or would be against equity and good conscience * * *."

The Government in this case at the time the payments were made to the defendant under the Act, had evidence from the defendant that he was self-employed. Subsequent investigations and the findings of the Administrator shows that he wasn't and that the Government in fact did not have the right to make the payments it did make. Under such circumstances it is held in the case of United States v. Wurts, 303 U.S. 414, 415, 58 S.Ct. 637, 638, 82 L.Ed. 932:

> "The Government by appropriate action can recover funds which its agents have wrongfully, erroneously, or illegally paid. 'No statute is necessary to authorize the United States to sue in such case. The right to sue is independent of statute * * *."

See also Wisconsin Central Ry. Co. v. United States, 164 U.S. 190, 17 S.Ct. 45, 41 L.Ed. 399 and Sutton v. United States, 256 U.S. 575, 41 S.Ct. 563, 65 L.Ed. 1099.

The defendant's questioning of the applicability of the appeal procedure involved in this action, is answered adversely to his interests in the following cases: United States v. Gudewicz, D.C., 45 F.Supp. 787; United States v. Perry, D.C., 141 F.Supp. 443, and United States v. Crockett, D.C., 158 F.Supp. 460 and United States v. Mroch, 6 Cir., 88 F.2d 888.

Accordingly it is held that the contentions of the defendant are without merit and that the Government is entitled to a judgment for the amount sought with interest at the legal rate.

This decision may be regarded as the Findings of Fact and Conclusions of Law in the case.

The Government will prepare and submit to the court a form judgment carrying the conclusions reached into effect.

Dated this the 22nd day of December, 1960.