ATTORNEY GENERAL LOVING HAS RECEIVED YOUR OPINION REQUEST IN WHICH YOU ASK THE FOLLOWING QUESTIONS:
 1) ARE EMPLOYEES OF THE VARIOUS COUNTY SUPERINTENDENTS OF SCHOOLS ELIGIBLE FOR MEMBERSHIP IN THE OKLAHOMA TEACHERS RETIREMENT SYSTEM?
 2) DOES THE ADMINISTRATIVE RULE ADOPTED BY THE BOARD OF TRUSTEES OF THE OKLAHOMA TEACHERS RETIREMENT SYSTEM, ALLOWING MEMBERSHIP FOR EMPLOYEES OF THE VARIOUS COUNTY SUPERINTENDENTS OF SCHOOLS THAT ARE PERSONS EMPLOYED IN A SUPERVISORY CAPACITY, CONFLICT WITH THE STATUTES?
 3) IF THE ANSWER TO THE ABOVE IS NEGATIVE, DO ANY SUPERVISORY FUNCTIONS QUALIFY, OR MUST THE SUPERVISION ENCOMPASS THOSE DUTIES NORMALLY ASSOCIATED WITH A SCHOOL ADMINISTRATOR?
 4) DOES A COUNTY SUPERINTENDENT HAVE THE RIGHT TO RECEIVE BENEFITS FROM BOTH THE TEACHERS RETIREMENT SYSTEM AND ANOTHER RETIREMENT SYSTEM PROVIDED FOR COUNTY EMPLOYEES BASED ON THE SAME YEARS OF SERVICE?
 5) IF THE ANSWER TO QUESTION ONE IS NEGATIVE, ARE THE EMPLOYEES OF THE OF VARIOUS COUNTY SUPERINTENDENT'S OFFICES ELIGIBLE TO CONTINUE MEMBERSHIP IN OTRS?
THE ATTORNEY GENERAL HAS ASKED THAT I RESPOND TO YOUR REQUEST INFORMALLY, INASMUCH AS THESE QUESTIONS ARE REL TED TO AND CONCERN INDIVIDUAL WHO MAY SEEK AFFIRMATIVE RELIEF WITH THE ADMINISTRATIVE PROCEDURES ACT.
THE ANSWER TO YOUR FIRST QUESTION REQUIRES AN ANALYSIS OF WHO QUALIFIES FOR MEMBERSHIP IN THE OKLAHOMA TEACHER'S RETIREMENT SYSTEM (OTRS). AS A GENERAL RULE, PERSON MUST DEMONSTRATE TWO THINGS FOR HE IS ENTITLED TO MEMBERSHIP IN OTRS. THE PERSON MUST BE EMPLOYED BY A "PUBLIC SCHOOL" AS DEFINED IN 70 O.S. 17-101(2) (1990), AND HIS EMPLOYMENT MUST FALL WITHIN EITHER THE DEFINITION OF 'CLASSIFIED PERSONNEL' AS DEFINED IN 70 O.S. 17-101(3) OR NON-CLASSIFIED OPTIONAL PERSONNEL' AS DEFINED IN 70 O.S. 17-101(4).
IN THIS INSTANCE, THE CENTRAL AND DISPOSITIVE QUESTION IS WHETHER THE COUNTY SUPERINTENDENT OF SCHOOLS' OFFICE IS A 'PUBLIC SCHOOL' UNDER THE LANGUAGE OF THE OTRS STATUTES. THIS INITIAL HURDLE TO OTRS MEMBERSHIP IS OUTLINED IN 70 O.S. 17-101(2), WHICH DEFINES PUBLIC SCHOOL' AS: (DEFINITIONS)
AN EXPLICIT REQUIREMENT OF THIS DEFINITION IS THAT THE PUBLIC SCHOOL MUST BE A STATE AGENCY FOR ITS EMPLOYEES TO QUALIFY FOR OTRS MEMBERSHIP.
IT IS WELL ESTABLISHED, HOWEVER, THAT A COUNTY IS NOT AN AGENCY OF THE STATE, BUT IS IN FACT A POLITICAL SUBDIVISION OF THE STATE. HERNDON V. ANDERSON, 25 P.2D 326 (OKLA. 1933). AS SUCH, EMPLOYEES OF THE VARIOUS COUNTY SUPERINTENDENTS' OFFICES ARE NOT ELIGIBLE FOR MEMBERSHIP IN OTRS WITHOUT A SPECIFIC STATUTORY AUTHORITY. THIS IS SUPPORTED BY LEGISLATIVE ACTIONS WHICH CREATED A MEANS THROUGH WHICH COUNTY EMPLOYEES COULD RECEIVE RETIREMENT BENEFITS FROM THE OKLAHOMA PUBLIC EMPLOYEES RETIREMENT SYSTEM (OPERS), ESTABLISHED PURSUANT TO THE PROVISIONS OF 74 O.S. 901 ET SEQ.
AN EXCEPTION TO THE REQUIREMENT THAT A PUBLIC SCHOOL BE THE EMPLOYER IS MADE FOR COUNTY SUPERINTENDENTS IN 70 O.S. 17-101(3), A POSITION STATUTORILY DEFINED WITHIN THE DEFINITION OF CLASSIFIED EMPLOYEES AND FOR WHICH OTRS MEMBERSHIP IS MANDATORY. THUS, EMPLOYEES OF THE VARIOUS COUNTY SUPERINTENDENTS' OFFICES ARE NOT ELIGIBLE FOR MEMBERSHIP BECAUSE THEY FAIL TO MEET THE FIRST REQUIREMENT OF MEMBERSHIP IN OTRS.
THE ABOVE ANSWER MAKES BOTH YOUR SECOND AND THIRD QUESTIONS MOOT. PERSONS EMPLOYED IN A SUPERVISORY CAPACITY BY THE VARIOUS COUNTY SUPERINTENDENTS OF SCHOOLS OFFICES FAIL TO MEET THE FIRST REQUIREMENT OF OTRS MEMBERSHIP. CONSEQUENTLY, THE PORTION OF THE BOARD OF TRUSTEES ADMINISTRATIVE RULE WHICH GRANT MEMBERSHIP IN OTRS TO EMPLOYEES OF THE VARIOUS COUNTY SUPERINTENDENTS' OFFICES, WHO ARE PERSONS EMPLOYED IN A SUPERVISORY CAPACITY,' CONFLICTS WITH OKLAHOMA STATUTES AND IS INVALID: BECAUSE AN AGENCY MAY NOT ACT CONTRARY TO THE STATUTES DEFINING THE AGENCY'S AUTHORITY, ADAMS V. PROFESSIONAL PRACTICES COMMISSION, 524 P.2D 932 (OKLA. 1974). IT IS CLEAR FROM THE LANGUAGE IN 70 O.S. 17101(3) HAT ONLY THE VARIOUS COUNTY SUPERINTENDENTS THEMSELVES STATUTORILY QUALIFY FOR MEMBERSHIP IN OTRS.
THIS LEADS TO YOUR FOURTH INQUIRY, WHICH ASKS WHETHER A COUNTY SUPERINTENDENT CAN RECEIVE RETIREMENT BENEFITS FROM BOTH OPERS AND OTRS BASED ON THE SAME YEARS OF SERVICE. UNQUESTIONABLY, A COUNTY SUPERINTENDENT MAY NOT RECEIVE RETIREMENT BENEFITS FROM BOTH OTRS AND A COUNTY RETIREMENT SYSTEM BASED ON THE SAME YEARS OF SERVICE. AS PREVIOUSLY STATED, 70 O.S. 17-101(3) PROVIDES MEMBERSHIP RIGHTS IN OTRS TO COUNTY SUPERINTENDENT. CONVERSELY, 74 O.S.SUPP. 1990, 902(15)(A), WHICH DEFINES THE TERM EMPLOYEE FOR PURPOSES OF OPERS MEMBERSHIP, PROVIDES IN PERTINENT PART: (TEXT OF STATUTE)
IT IS CLEAR THAT THE LEGISLATURE INTENDED TO PROVIDE RETIREMENT BENEFITS IN OPERS TO ALL COUNTY EMPLOYEES WHO WERE NOT PARTICIPATING IN OTRS. MOREOVER 74 O.S. 902(14) (1990) DEFINES AN ELIGIBLE EMPLOYER FOR PURPOSES OF OPERS PARTICIPATION AS: (TEXT OF STATUTE)
INASMUCH AS OTRS WAS IN OPERATION ON THE INITIAL ENTRY DATE OF OPERS (74 O.S. 902(16) DEFINES THE INITIAL OR FIRST ENTRY DATE OF OPERS JANUARY 1, 1964) AND *HAT OTRS MEMBERSHIP IS LIMITED TO EMPLOYEES OF PUBLIC SCHOOLS, THE LEGISLATURE DID NOT INTEND, NOR PROVIDE FOR DUAL MEMBERSHIP IN STATE AND COUNTY RETIREMENT SYSTEMS BASED ON THE SAME YEARS OF SERVICE.
THIS SAME RATIONALE EXTENDS TO COUNTY RETIREMENT BY TERMS CREATED PURSUANT TO 19 O.S. 851 WHICH PERMITS COUNTIES MEETING POPULATION REQUIREMENTS TO FORM INDEPENDENT RETIREMENT SYSTEMS IN ACCORDANCE WITH 74 O.S. 901 ET SEQ. MOREOVER, (T)HE GENERAL RULE IN RESPECT TO ALL PENSION LAWS (IS), THAT IN THE ABSENCE OF THE EXPRESS PROVISION TO THE CONTRARY THEY WILL BE SO INTERPRETED AS TO PREVENT ANY PERSON FROM RECEIVING A DOUBLE PENSION. MAYBURY V. COYNE, 312 S.W.2D 455 (RY. 1958); SEE ALSO UNITED STATES V. TELLER, 107 U.S. 64, 2 S.CT. 39, 27 L.ED 352 (1883).
FINALLY, YOU ASK WHETHER THE EMPLOYEES OF THE VARIOUS COUNTY SUPERINTENDENTS ARE ELIGIBLE TO CONTINUE THEIR PARTICIPATION IN OTRS. THE ACCEPTANCE OF CONTRIBUTIONS BY OTRS FROM AN INDIVIDUAL WHO IS NOT ELIGIBLE TO MAKE SUCH CONTRIBUTIONS WOULD CONSTITUTE A MISTAKE, AND COULD BE HANDLED AS CONTEMPLATED IN 70 O.S. 17-110. THIS STATUTE PROVIDES:
(TEXT OF STATUTE)
 BECAUSE THE INDIVIDUAL IS NOT ENTITLED TO MEMBERSHIP IN OTRS, RETIREMENT BENEFITS ORDINARILY SHOULD NOT BE GRANTED. THE INDIVIDUAL'S CONTRIBUTIONS COULD BE RETURNED. SUCH AN INDIVIDUAL IS STATUTORILY MANDATED TO BE A MEMBER OF OPERS BY 902(15)(A). MOREOVER, 74 O.S. 917(7) PROVIDES:
(TEXT OF STATUTE)
 THIS STATUTORY PROVISION PROVIDES A METHOD TO CORRECT THE ERROR IN QUESTION. INDIVIDUAL CONTRIBUTION THAT HAVE ERRONEOUSLY BEEN REMITTED TO OTRS COULD BE RETURNED TO THE INDIVIDUAL, AND MEMBERSHIP COULD BE ESTABLISHED IN OPERS OR THE APPROPRIATE COUNTY SYSTEM IN ACCORDANCE WITH 19 O.S. 951 ET EG. AND 74 O.S. 901 ET.
HOWEVER, THE OKLAHOMA SUPREME COURT, IN BRANCH TRUCKINA CO. V. OKLAHOMA TAX COMMISSION, 801 P.2D 686 (OKLA. 1990), HAS HELD THAT A LONG-STANDING INTERPRETATION MUST BE GIVEN GREAT WEIGHT BY THE COURTS AND SHOULD BE DISTURBED FOR ONLY COGENT REASONS, UNLESS THE CONSTRUCTION IS CLEARLY ERRONEOUS. BRANCH TRUCKING CO. AT 689. IN AN EARLIER CASE, ORAL ROBERTS UNIVERSITY V. OKLAHOMA TAX COMMISSION, 714 P.2D 1013 (OKLA. 1985), THE COURT ADOPTED A DEFINITION OF COGENT STATING THAT COGENT MEANS 'COMPELLING . . . APPEALING FORCIBLY OR CONCLUSIVELY TO THE MIND OR REASON; CONVINCING. ORAL ROBERTS UNIVERSITY AT 1016.
IN MY OPINION A COGENT OR COMPELLING REASON EXISTS TO DENY MEMBERSHIP IN OTRS WHERE:
A. THE INDIVIDUAL IS AN EMPLOYEE OF THE COUNTY; AND
 B. THE INDIVIDUAL IS ELIGIBLE FOR AND/OR PARTICIPATING IN THE RETIREMENT SYSTEM PROVIDED AND AVAILABLE TO COUNTY EMPLOYEES.
 IT IS, THEREFORE, THE INFORMAL OPINION OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL THAT:
 1) EMPLOYEES OF THE VARIOUS COUNTY SUPERINTENDENTS OF SCHOOLS ARE NOT STATUTORILY ELIGIBLE FOR MEMBERSHIP IN THE OKLAHOMA TEACHERS RETIREMENT SYSTEM.
 2) A COUNTY SUPERINTENDENT OF SCHOOLS CANNOT RECEIVE BENEFITS FROM BOTH OTRS AND OPERS OR ANY OTHER COUNTY EMPLOYEES RETIREMENT BASED ON THE SAME PERIOD OF SERVICE.
 3) CURRENT EMPLOYEE OF THE VARIOUS COUNTY SUPERINTENDENTS OF SCHOOLS MAY NOT CONTINUE THEIR MEMBERSHIP IN OTRS.
(TAMMY M. THOMPSON)