## UNITED STATES v. MROCH.
### No. 7167.

Circuit Court of Appeals, Sixth Circuit.
March 4, 1937.

T. E. Walsh, of Washington, D. C. (Emerich B. Freed, of Cleveland, Ohio, Gerald P. Openlander, of Toledo, Ohio, and Will G. Beardslee, Wilbur C. Pickett, and Randolph C. Shaw, all of Washington, D. C., on the brief), for the United States.

Alfred J. Croll, of Toledo, Ohio (Fred C. Balk, of Toledo, Ohio, on the brief), for appellee.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

The appellant was sued for a balance admitted to be due on a war risk insurance policy issued to plaintiff's husband, William Alfred Sheeter, who died while in

the military service of the government. The controversy involves the right of the appellant to set off against such balance compensation received by the plaintiff in another representative capacity and later found by the Director of the Veterans' Administration to have been paid under a mistake of fact. The cause was tried to the court without a jury, and from a judgment for the plaintiff upon appropriate findings of fact, for the balance due on the policy without set-off, the United States appeals.

The policy issued to Sheeter was in the sum of $10,000 and named his mother as beneficiary. She received the monthly installments provided for until her death, at which time there was still unpaid on the insurance contract and due the veteran's estate the sum of $5,928. In the meantime there had been paid to the plaintiff as guardian of her dependent children, the sum of $2,487.42 under an award made by the Director upon a finding that such children were members of the deceased veteran's household. Later the Director found that the children had been inmates of the Veterans' Home at Xenia, Ohio, amended the award, and demanded a refund. This being refused, the appellant deducted the overpayments from the amount due the plaintiff as administratrix of her husband's estate and paid her the balance. It is for the amount deducted that she sues, and it is in this amount the appellant claimed a set-off.

The War Risk Insurance Act of October, 1917, by sections 300 and 301 (40 Stat. 398, 405) as amended June 25, 1918, 40 Stat. 611, §§. 10, 11 provided for compensation to be paid dependents of soldiers dying in the service. A widow was to receive a monthly compensation of $25. If there was a child the compensation was increased to $35, and if there were two children it was to be $42.50. The compensation to a widow was to continue to her death or remarriage, and that to a child until the age of 18 years or marriage. Section 22 of the Act of 1917 (40 Stat. 400) defined the term "child" to include legitimate children, those legally adopted more than six months before enlistment or entrance into service, and stepchildren if members of the soldier's household. The Act of 1924, section 3 (38 U.S.C.A. § 424) is to the same effect. Under these provisions the plaintiff, having two children, Cleo and Roy, by a previous marriage, was awarded as widow of a soldier having two stepchildren in his household, $42.50 per month, and was compensated at that rate from September 19, 1918, to May 26, 1921. On the latter date Cleo married, becoming Cleo Ruth Coleman, and compensation on her account ceased. From then to May 31, 1923, the widow received $35. per month. On June 1, 1923, she remarried, terminating her compensation. There remained one child entitled to compensation, Roy. Under section 201 of the Act of June 7, 1924, as amended by Act March 4, 1925, 38 U.S.C.A. § 472, by its terms effective as of April 6, 1917, his monthly compensation was $20. On September 23, 1923, the mother was appointed his legal guardian by the probate court of Cuyahoga county, Ohio, and was required by state law (sections 11037-1 to 11037-20, G.C.O.) to file an annual account as guardian of a Bureau beneficiary. From June 1, 1923, to January 31, 1930, $20 per month was paid the mother as legal guardian of her son. In addition to these payments there were small amounts paid to the daughter, Mrs. Coleman, and to the mother as guardian of her son under awards of adjusted compensation.

On February 14, 1930, the Veterans' Bureau determined that the veteran's stepchildren, Cleo and Roy, had never been members of his household, were not entitled to compensation under the statute, and that all benefits theretofore paid to or on their account had been paid through error. The adjusted awards were thereupon canceled as from the beginning, and an amended award made providing for a widow's allowance of but $25 a month from the date of the veteran's death to the date of her remarriage.

The legal basis for the Bureau's claim of refund and set-off is to be found in section 22 of the Act of 1924, 38 U.S.C.A. § 454, which, so far as applicable, provides: "The compensation, insurance, and maintenance and support allowance payable under Titles [Parts] II, III, and IV, respectively, shall not be assignable. * * * Such compensation, insurance, and maintenance and support allowance shall be subject to any claims which the United States may have, under Titles [Parts] II, III, IV, and V, against the person on whose account the compensation, insurance, or maintenance and support allowance is payable."

Notwithstanding this statutory provision, the court below held there was no right to set off the alleged erroneous payments, since it did not appear that the

claims were mutually between the same parties, the plaintiff suing as administratrix of her husband's estate and the government seeking to set off payments made to her in her capacity as legal guardian of her children under the statutes of Ohio. This holding, it is contended, is in conflict with our decision in Reivich v. United States, 25 F.(2d) 670. There we held that while there is plenty of authority to the effect that the parties in a claim sued upon and one set off must be the same and acting in the same capacity, it did not reach in principle a case where the plaintiff, though nominally the administrator of an estate, is in fact, with reference to the claim involved, not an administrator in the ordinary sense, but only a trustee for himself as an individual, since as administrator he would hold whatever he recovered merely for the purpose of paying it over to himself. The objection to the set-off was therefore thought to be without equitable substance. While the Reivich suit was by bill in equity, we pass the question as to whether the present defense is equitable, for in respect to the compensation paid the plaintiff as the legal guardian of her son Roy she is clearly not the beneficiary, and the principle of the Reivich Case is inapplicable. This is also true in respect to the adjusted compensation paid to the daughter, Mrs. Coleman, and to the plaintiff as legal guardian for her son. There is as to these payments no mutuality between claim and set-off. While the plaintiff may have been the recipient of the compensation, she was required to account for it not only under an express trust created by Ohio law, but likewise by instruction of the Veterans' Bureau. It must be assumed that these payments were applied to the purpose for which they were made, and while perhaps recoverable, are not recoverable from the veteran's estate.

■ A different situation, however, obtains in respect to payments made to the plaintiff prior to her appointment as legal guardian of her son and prior to the marriage of her daughter. These were made to her as a dependent widowed mother, the designation adopted by the Bureau itself in its instructions to claimants. There was no allocation of this compensation as between the dependent children. The widow receives $42.50 per month when she has two children, and $35 per month when she has one child, and the beneficent purpose of the statute is undoubtedly to aid her in maintaining a household for herself and them. There is no statutory or Bureau requirement as to the manner of its expenditure or application. It is a general maintenance and support allowance and the claim of refund and to set-off was clearly "against the person on whose account it is payable" within the purview of the statute. The alleged overpayments during this period totalled $807.08. The amount is not in controversy, and should have been allowed as a set-off.

■ The appellee challenges the amended award of the Veterans' Bureau on the ground that it is retroactive and was made without notice or hearing. The original and amendatory acts, however, preclude judicial review of the awards of the Veterans' Administration. While it was at one time thought that review might lie if an award were wholly unsupported by evidence, wholly dependent upon a question of law, or clearly arbitrary or capricious, Silberschein v. United States, 266 U.S. 221, 45 S.Ct. 69, 69 L.Ed. 256, section 5, Tit. I of the Economy Act (38 U.S.C.A. § 705) seems to have removed the possibility of judicial relief even in such special circumstances. Lynch v. United States, 292 U.S. 571, 587, 54 S.Ct. 840, 847, 78 L.Ed. 1434.

The judgment is reversed and the cause remanded for new trial. It is not thought, however, that this will preclude the court from entering a new judgment upon the original findings reduced by the amount of $807.08, which we hold represents recoverable compensation.