## UNITED STATES v. GUDEWICZ.

### Civil No. 2475.

District Court, E. D. New York.

June 18, 1942.

---

[1] By the table referred to, at age 80, the value of a life estate of one dollar is .18644.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Hyman H. Goldstein, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for plaintiff.

Stephen J. Ohalek, of New York City, for defendant.

CAMPBELL, District Judge.

This is an action brought to recover the sum of $1,069, paid to the decedent under mistake of fact and law, and the interest thereon.

Nikolaj Karpinczyk, also known as Mikolaj Karpinczyk, the decedent herein, was born in Russia on August 20, 1889. He came to this country in 1915, and resided here, but did not file a Declaration of Intention to become a citizen. In 1917 he was inducted into the United States Army from Staten Island, pursuant to the rules then in existence, and on November 9, 1917, he became a member of the United States Army, and served as such until the 9th day of April, 1919, when at his own request he was honorably discharged from the Army, on the ground of alienage, being a citizen of Russia.

Decedent was not a citizen of the United States at the time of his discharge, and never became a citizen thereafter.

An Adjusted Service Certificate in the sum of $1,069 was issued to him, on the security of which he was granted a loan, and he was thereafter paid the balance by Adjusted Service Bonds and Check, which were issued to him.

On December 19, 1939, the War Department informed the Veterans' Administration that the veteran was discharged from service by reason of alienage, and was, therefore, not entitled to the Adjusted Certificate, nor to the loan previously granted him on the security thereof, and the amount paid in final settlement.

The decedent died on April 11, 1940, leaving a will naming the defendant as executor, which will was probated in the Surrogate's Court of the County of Richmond, State of New York, on June 18, 1940.

The defense is: (1) That the decedent was honorably discharged, and that he, therefore, was a veteran, as intended by the Act, and entitled to the moneys received; (2) that the Government paid the moneys under a valid certificate of the Veterans' Administration without any fraud or deceit on his part, and that, therefore, the payment was conclusive, and that the Government could not recover.

These defenses are not supported by law or authority.

The decision of the Administrator of Veteran Affairs, concerning a claim for benefits or payments, under any act administered by the Veterans' Administration, is final and conclusive. Title 38 U.S.C.A. § 705, which provides as follows:

"§ 705. Conclusiveness of decisions and regulations under this chapter; review prohibited.

"All decisions rendered by the Administrator of Veterans' Affairs under the provisions of sections 701–703, 704, 705, 706, 707–715, 716–721 of this title and sections 30a, 485 of Title 5 or the regulations issued pursuant thereto, shall be final and conclusive on all questions of law and fact, and no other official or court of the United States shall have jurisdiction to review by mandamus or otherwise any such decision."

[redacted] That section has been construed, as providing that a decision of the Administrator of Veterans' Affairs was controlling upon the validity and allowance of a claim against a decedent's estate. In re Rosa's Estate, 172 Misc. 808, 16 N.Y.S.2d 285. That case was clearly in point, and cited United States v. Mroch, 6 Cir., 88 F.2d 888, 890; Smith v. United States, 8 Cir., 83 F.2d 631, 638, 639.

Chapter 893 of the United States Statutes at Large, effective October 17, 1940, 54 Stat. 1193, entitled "An act to amend section 202(3), World War Veterans' Act, 1924, as amended, to provide more adequate and uniform administrative provisions in veterans' laws, and for other purposes." Section 11, 38 U.S.C.A. § 11a—2, provides as follows: "Notwithstanding any other provisions of law, except as provided in section 19 of the World War Veterans' Act, 1924 [section 445 of this title], as amended, and in section 817 of the National Service Life Insurance Act of 1940 [section 817 of this title], the decisions of the Administrator of Veterans' Affairs on any question of law or fact concerning a claim for benefits or payments under this or any other Act administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decisions."

[redacted] The entry in a Veteran's Service Record that he was discharged as an alien is conclusive evidence of the reason for his discharge. United States v. Harbanuk, 2 Cir., 62 F.2d 759.

[redacted] The Government may recover moneys paid under mistake of fact and law. United States v. Dempsey, C.C., 104 F. 197, 199.

[redacted] The Government may sue for and recover back money overpaid. Wisconsin Central R. Co. v. United States, 164 U.S. 190, 210, 211, 17 S.Ct. 45, 41 L.Ed. 399; Wilber Nat. Bank v. United States, 294 U.S. 120, 123, 55 S.Ct. 362, 79 L.Ed. 798; McElrath v. United States, 102 U.S. 426, 26 L.Ed. 189; Whiteside et. al. v. United States, 93 U.S. 247, 23 L.Ed. 882.

[redacted] The Government is never estopped by the acts of its agents in entering into an arrangement which "the law does not sanction or permit". Cummings v. Societe Suisse Pour Valeurs De Metaux, 66 App. D.C. 121, 85 F.2d 287, 289; Morgan v. United States, 5 Cir., 115 F.2d 426.

[redacted] Section 310 of the World War Adjusted Compensation Act, Title 38, U.S.C.A. § 620, it has been held, was not designed to prevent a review of their own decisions by the officials themselves, but to limit any review by the courts. United States v. Bentley, 2 Cir., 107 F.2d 382.

The last cited case is clearly in point, as it involved a wrongful certification by the War Department, and an erroneous payment made by the Veterans' Administration to a veteran of the World War, and the Government was held to be entitled to recover.

A veteran discharged from the military or naval forces on account of his alienage is not entitled to the benefits provided for by the World War Adjusted Compensation Act, Title 38, U.S.C.A. § 592(a)(3), Act of May 19, 1924.

The debts due to the United States from the estate of a deceased debtor must be first satisfied by the executor of the estate. Title 31, U.S.C.A. § 191.

The executor of an estate is personally answerable for debts due to the United States, if he pays the debts of the estate before he satisfies the debts due to the United States. Title 31, U.S.C.A. § 192.

[redacted] The payments to the decedent were made through mistake of fact and law, and are recoverable by the plaintiff, with interest, from the defendant individually, and as executor of the decedent's estate.