In the Matter of DOUGLAS J. CLEMENS, an Infant.

Surrogate's Court, Orange County, November 15, 1950.

*Emmett F. Good* for United States Veterans' Administration.

*William J. Gregg,* guardian of Douglas J. Clemens, an infant, appearing in his own behalf.

TAYLOR, S. It is alleged in the petition that letters of guardianship were issued to William J. Gregg empowering him to receive funds belonging to the infant jointly with a named individual (Surrogate's Ct. Act, § 180); that payments of death benefits of $1,369.33 were made to the guardian as such, based upon a statement (not made by the guardian) that the infant was a member of the deceased veteran's household, and that investigation has since disclosed that the said statement is false. It has been determined by the Administrator of Veterans' Affairs that the guardian was not entitled to the said payment and refund of it is asked.

Under the applicable Federal statute (U. S. Code, tit. 38, § 11a-2) which reads as follows: " Notwithstanding any other provisions of law, except as provided in sections 445 and 817 of this title, the decisions of the Administrator of Veterans' Affairs on any question of law or fact concerning a claim for benefits or payments under any Act administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decisions ", the determination of the administrator is final and not subject to review. There can, therefore, be no issue in that connection in this proceeding.

It has been held that " There can be no doubt that veterans' benefits are gratuities and establish no vested rights in the recipient." (*Van Horne* v. *Hines,* 122 F. 2d 207, 209; *International Union* v. *Bradley,* 75 F. Supp. 394.)

The facts in the *Van Horne* case are somewhat similar to those here.

It has also been held that the quoted statute withdraws all veterans' questions from the jurisdiction of the courts. (*Van Horne* v. *Hines, supra; International Union* v. *Bradley, supra; Slocumb* v. *Gray,* 82 F. Supp. 125.)

Although the guardian has acted in absolute good faith, unfortunately, because of the quoted statute the guardian never acquired title to the fund in question, and not having acquired title he is not entitled to commissions. (*Matter of Schliemann,* 259 N. Y. 497; *Matter of Whipple,* 81 App. Div. 589.)

There has been a payment out under a maintenance order of which the Veterans' Administration had notice, as well as a small allowance to the guardian's attorney for preparation of the petition for the maintenance order and the order itself, and it would be quite inequitable to require the guardian to replace out of his own funds those two items thus disbursed.

The decision of the court is the Treasurer of the United States is entitled to reimbursement of the sum paid to the guardian, less the two items mentioned, including of course any income which the fund may earn to the time of its repayment.

Order may be settled by consent or upon five days' notice.