**UNITED STATES of America, Appellant,**

v.

**Elma Agnes GIBSON, Administratrix of the Estate of Virgil Thomas Gibson, Deceased, Appellee.**

**No. 13670.**

United States Court of Appeals
Ninth Circuit.

Sept. 13, 1955.

Warren E. Burger, Asst. Atty. Gen., John G. Laughlin, Paul A. Sweeney, Attys., Dept. of Justice, Washington, D. C., David A. Turner, Asst. Gen. Counsel, Veterans' Administration, Washington, D. C., Sherman F. Furey, Jr., U. S. Atty., Boise, Idaho, for appellant.

William S. Hawkins, E. L. Miller, Coeur d'Alene, Idaho, for appellee.

Before STEPHENS, HEALY and POPE, Circuit Judges.

PER CURIAM.

Following our former decision in this case, 9 Cir., 207 F.2d 161, appellant filed a petition for rehearing in which our attention was called for the first time to part IV of Veterans' Regulation No. 1 (a), 38 U.S.C.A. following section 745. Paragraph II of which provides: " * * * [I]n those cases in which the veteran, by virtue of the above provision, is found to be entitled to a pension under part III of Veterans' Regulation No. 1 (a), and is entitled to a pension under part I or part II of Veterans' Regulation No. 1(a), the Administrator of Veterans' Affairs is authorized and directed to pay to the veteran the greater benefit." In our opinion we noted that although Paragraph XIII of Regulation No. 10 provided

that not more than one award of pension or compensation should be made concurrently to any person based on his own service yet there was nothing to prove that the total amount paid to the veteran was not the result of one award even though by mistake the amounts paid were transmitted monthly in two checks instead of one.

 The Regulation quoted above, which was thus presented in the petition for rehearing, indicates that although a veteran could have a service connected pension or a nonservice connected pension, he could not have both and must take whichever payment was the greater. In this case therefore, the decedent was entitled to the $60 payment but was not entitled to the $41.40. For this reason we granted rehearing and the cause has been reargued. In the light of the Regulation above set out the Government has made sufficient proof of payment by mistake and that it was entitled to recover those payments from the decedent.

 The appellee has argued, as she did in the court below, that since the United States filed a claim under the State law with the personal representative which was rejected both by the administratrix and by the probate court of Bonner County, Idaho, the claim is now barred for failure of the Government to pursue its rights in accordance with the Idaho law and within the time required by that law for the institution of a suit upon a claim rejected by the administratrix. We agree with the trial court that under Title 31 U.S.C.A. § 191, and the decision in United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283, this claimed defense of the administratrix cannot be asserted.

We agree with the statement of the trial court about the hardship imposed upon the defendant and the estate by the institution of this suit. As we indicated at the time our former opinion was filed, not even the members of this court could perceive any evidence of overpayment by mistake. We have no doubt that the payments received by the decedent were accepted in good faith and in the belief that he was justly entitled to them. The mistake here was not that of the veteran but that of the Government. While the case is evidently one which might well appeal to Congress as calling for appropriate legislative relief, we are obliged for the reasons indicated to hold that the Government is entitled to recover.

The former opinion of this court is withdrawn and the judgment is reversed.