**UNITED STATES of America, Plaintiff,**

v.

**Edward J. LAWRENCE, Defendant.**

**Civ. A. No. 1853.**

United States District Court, D. Montana, Havre Division.

Sept. 5, 1957.

Krest Cyr, U. S. Atty., Butte, and Dale F. Galles, Asst. U. S. Atty., Billings, Mont., for the United States.

Dignan & Gallagher, Glasgow, Mont., for Edward J. Lawrence.

JAMESON, District Judge.

This is an action to recover payments of a subsistence allowance made to the defendant under the Servicemen's Readjustment Act for education and vocational training to veterans, as set out in Title 38 U.S.C.A. § 701(f) and more particularly under Vet.Reg. No. 1(a), as amended, Part VIII, subds. 9, 9, par. A, 11(c), and 11(c), par. 1 of Title 38.

It is alleged in the complaint that for the period January 1, 1950 through December 31, 1950, there was an overpayment of $67.50 per month, for the reason that the report of defendant's income covering institutional on-the-farm training reflected a net income in excess of the statutory limitation. It is pleaded as an affirmative defense in defendant's answer that plaintiff erroneously determined defendant's net income, in that defendant's inventory of sheep at the close of the year was computed at $16,454, whereas in fact the inventory did not exceed $10,300.

The report submitted by defendant included as Item 9 "Inventory at End of Year, $16,454.00", and as Item 11, "Inventory at Beginning of Year, $10,300.-00". In an appeal to the Administrator of Veterans' Affairs, defendant contended that the increase in inventory value during the year in question resulted from an increase in the market value of sheep, and that aside from this increase

in inventory, his actual net income was only $635.70 and that accordingly he was entitled to the subsistence payments. The appeal was denied by the Board of Veterans Appeals of the Veterans' Administration, the order of the Board recognizing that the controlling regulations provide for determination of the rate of subsistence allowance based upon an annual report of income reflecting sound and accepted principles of accounting. The Board found that "an actual increase in the value of inventory must be included in farm income in order to represent an accurate statement of capital assets," and that "the method of computing this veteran's income is in accordance with accepted accounting principles."

In support of a motion for summary judgment, plaintiff contends that this court has no jurisdiction to review or determine the merits of the Veterans Administration decision finding the defendant ineligible to receive subsistence allowance during the calendar year 1950, relying upon 38 U.S.C.A. § 705, which provides that, "All decisions by the Administrator of Veterans' Affairs under the provisions of sections 701 * * * of this title or the regulations issued pursuant thereto, shall be final and conclusive on all questions of law and fact, and no other official or court of the United States shall have jurisdiction to review by mandamus or otherwise any such decision." See also 38 U.S.C.A. § 11a–2. Defendant contends that this section is not applicable in an action by the Government to recover an alleged overpayment of benefits, and that the method used by the Veterans Administration in valuing inventory was erroneous and contrary to accepted accounting principles.

In support of its contention that this court has no jurisdiction to review the decision of the Veterans' Administration, plaintiff relies upon Van Horne v. Hines, 1941, 74 App.D.C. 214, 122 F.2d 207, certiorari denied 314 U.S. 689, 62 S. Ct. 360, 86 L.Ed. 552, and Slocumb v. Gray, 1949, 86 U.S.App.D.C. 5, 179 F.2d

31, 34. Van Horne v. Hines was an action by a veteran to enforce World War One benefit payments which had been cut off by the administrator for an alleged false affidavit. Slocumb v. Gray was an action by a veteran attacking a regulation under which he was denied permission to take a course of flight training, the court holding that, "Veterans' benefits are mere gratuities and 'the grant of them creates no vested right'" and that "the United States is not, by the creation of claims against itself, bound to provide a remedy in the courts." These cases support the rule for which plaintiff contends where the veteran brings an action against the Government to enforce benefits.

Does the same rule obtain with respect to an action by the Government against a veteran to recover erroneous payments? On this question there is a conflict in the authorities. The position of the plaintiff finds support in United States v. Gudewicz, D.C.E.D.N.Y.1942, 45 F.Supp. 787, and United States v. Mroch, 6 Cir., 1937, 88 F.2d 888.

United States v. Gibson, 9 Cir., 1953, 207 F.2d 161, 163, was an action against the estate of a deceased veteran to recover overpayments of disability compensation due to alleged erroneous approval by the Veterans Administration of a pension award instead of an amendment to the original disability compensation award, resulting in the veteran receiving two checks each month. The plaintiff's appeal was based upon the contention, as stated by the court, "that the trial court was in error in arriving at this manifestly correct evaluation of the facts, which led it to hold that 'the plaintiff has failed to carry its burden of proof', because, says appellant, sections 705 and 11a–2 of Title 38 U.S.C.A., provide that 'All decisions rendered by the Administrator * * * shall be final and conclusive' and no court shall have jurisdiction to review any such decision. It is thus the appellant's theory that if the Administrator makes a finding that a certain sum, naming it, has been paid by mistake, then the court must, without further inquiry, enter a judgment upon the basis of that finding." The court continued: "We do not think that the facts of this case bring it within the provisions of either section 705 or 11a–2 * * * 11a–2 refers to decisions on a question of law or fact 'concerning a claim for benefits or payments', etc. This section was enacted out of consideration of the fact that such a claim by a veteran is one for a mere gratuity. Hahn v. Gray, 92 U.S.App.D.C. 188, 203 F.2d 625. But this claim against the administratrix of the veteran's estate is not 'a claim for benefits' under the act."

The opinion in United States v. Gibson was subsequently withdrawn and the judgment reversed in a per curiam opinion on the basis of regulations called to the court's attention under which the court found that "the Government has made sufficient proof of payment by mistake and that it was entitled to recover those payments from the decedent." 225 F.2d 807, 808. This would not, however, affect the court's conclusion that decisions of the Veterans' Administration are not conclusive when made the basis of an affirmative claim for relief by the Government.

In Hormel v. United States, D.C.S.D. N.Y.1954, 123 F.Supp. 806, 810, in holding that "a debt asserted by the Government is not a 'claim for benefits or payments' within the meaning of section 11a–2, Title 38", the court said:

"The Government's construction as applied to this case raises the serious question whether the Fifth Amendment would not invalidate a law which would permit the Government to recover a judgment against a citizen without giving him an opportunity to challenge the bare assertion of an administrative officer that money was due and owing. * * * Where there are two reasonably possible constructions of a federal statute, it is the duty of a federal judge to choose the one which does not raise constitutional doubts."

The recent case of United States v. Owens, D.C.E.D.Ark.1957, 147 F.Supp. 309, 313, is directly in point. This was an action against a veteran to recover a sum paid to him as unemployment re-adjustment allowance, the plaintiff alleging that the defendant knowingly received benefits to which he was not entitled because of erroneous income statements, namely, the failure to include credit sales made in the period covered by the report. The Government's theory was that by virtue of the provisions of 38 U.S.C.A. § 705, the administrative determination that the defendant had knowingly received benefits to which he was not entitled, was, in all events final and binding upon the court. The court concluded that 38 U.S.C.A. § 705 did not apply retroactively so as to make the determination of the Veterans' Administration conclusive and did not of itself establish the plaintiff's claim. Of the plaintiff's contention, the court said: "Obviously, such a construction would make the courts but rubber stamps for administrative action in cases of this kind, serving no function but to render judgments preliminary to the issuance of execution thereon."

The court referred to the cases of United States v. Gudewicz and United States v. Mroch, supra, in support of the Government's contention, and the cases of United States v. Gibson and Hormel v. United States, supra, in support of the position that "decisions of the Veterans' Administration do not enjoy finality when made the basis of an affirmative claim for relief by the Government." The court agreed with the latter cases and continued: "We, of course, do not question that if the Government makes a proper evidentiary showing, a veteran who has received payments improperly is liable to make restitution thereof; but we do not think that the Government can use an administrative determination of the Veterans' Administration as a substitute for evidence, thus raising itself, so to speak, by its own boot straps."

■ While the courts are divided, I prefer to follow what appears to me the sounder and more equitable rule that the decisions of the Veterans' Administration are subject to review in an action by the Government for affirmative relief.

■ In defendant's brief it is urged that judgment should be entered for defendant for the relief demanded in his answer. While I am of the opinion that this court has jurisdiction to review the determination by the Veterans' Administration, it cannot be said as a matter of law that the accounting principles used by the Veterans' Administration are erroneous, and those urged by the defendant are correct. That is a question of evidence to be determined at a trial upon the merits.

Plaintiff's motion for summary judgment is denied, and the case will be set for trial on its merits.