**UNITED STATES of America**

v.

**James A. CROCKETT.**

**Civ. No. 893.**

United States District Court
D. Maine, N. D.
Jan. 7, 1958.

Peter Mills, U. S. Atty., Portland, Me., Francis E. Day, Asst. U. S. Atty., for plaintiff.

Lester A. Olson, Guilford, Me., for defendant.

GIGNOUX, District Judge.

This is an action by the United States of America to recover from the defendant, James A. Crockett, a resident of Monson, Piscataquis County, Maine, an alleged overpayment of unemployment readjustment allowances under Title V, § 902 of the Servicemen's Readjustment Act of 1944, 38 U.S.C.A. § 696d. The defendant counterclaims for sums withheld from his National Service Life Insurance dividends.

The essential facts were stipulated by the parties and are as follows:

Defendant was paid unemployment readjustment allowance under the above-cited Act in the total amount of $400, computed at the rate of $20 per week for the periods May 11, 1947 to August 30, 1947 and September 7, 1947 to October 4, 1947. On November 21, 1947 a Deputy of the Maine Unemployment Compensation Commission, administering the Act under the authority of 38 U.S.C.A. § 696f and 38 C.F.R. §§ 36.5001(a)–(v) disallowed defendant's benefits from May 11 to October 18, 1947 under the provisions of Section 700 of the Act, 38 U.S.C.A. § 696, on the ground that defendant was self-employed during the entire period. The Deputy's decision was reviewed and affirmed by the full Commission, which issued its Determination and Demand for Refund on May 13, 1948. No appeal was taken by defendant from either the Deputy's decision or the Commission's Determination and Demand, although it is conceded that defendant received due and timely notice thereof and appeal mechanism was clearly provided. Me.Rev.Stat. c. 24, §§ 6(b–i) (1944) and 38 U.S.C.A. § 696h. Subsequently, the Government withheld $189.75 from defendant's National Service Life Insurance dividends. The Government's claim is for the balance of $210.25, plus interest at the rate of 6% per annum from August 24, 1948, the date of the Veterans' Administration's first formal demand for repayment. Defendant's counterclaim is for the $189.75 withheld from his National Service Life Insurance dividends.

In this action defendant contends that the only claim presented to the Deputy for determination was for the week ending November 15, 1947 and that the Deputy was without authority to disallow defendant's benefits for any other period. Defendant further attacks the Deputy's decision on the ground that he did not make a formal determination of self-employment as required by the Servicemen's Readjustment Act. The Government's contention is that the administrative determination is final and binding upon this Court and that defendant cannot now be heard to say that he is not indebted to the United States.

It is the opinion of this Court that the Government's position is correct.

In cases such as the instant case the Congress has expressly declared in two separate Acts that decisions of the Administrator of Veterans' Affairs are final and may not be reviewed in any court. In Section 5 of the Act of March 20, 1933, 38 U.S.C.A. § 705,[1] Congress expressly provided as follows:

"All decisions rendered by the Administrator of Veterans' Affairs under the provision of * * * this title or the regulations issued pur-

1. This provision was made applicable to the Servicemen's Readjustment Act by 38 U.S.C.A. § 697.

suant thereto, shall be final and conclusive on all questions of law and fact, and no other official or court of the United States shall have jurisdiction to review by mandamus or otherwise any such decision."

In 1940 Congress by a further Act, 38 U.S.C.A. § 11a-2, provided that:

"Notwithstanding any other provision of law * * * the decisions of the Administrator of Veterans' Affairs on any question of law or fact concerning a claim for benefits or payments under any Act administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decisions."

 The decision of the Deputy, as affirmed by the Maine Unemployment Compensation Commission, was, in the absence of any appeal, that of the Administrator of Veterans' Affairs himself, for the Deputy was acting in a representative capacity by properly authorized delegation of power. 38 U.S.C.A. § 696f (c); 38 C.F.R. § 36.5001(r); United States v. Perry, D.C.E.D.N.C.1956, 141 F.Supp. 443. And the above-quoted statutes, as interpreted in numerous decisions, make clear that the decisions of the Administrator of Veterans' Affairs in respect to claims for benefits under veterans' laws, such as the claim involved in the decision complained of in this action, are not subject to judicial review upon direct attack. Magnus v. United States, 7 Cir., 1956, 234 F.2d 673; Hahn v. Gray, 1953, 92 U.S.App.D.C. 188, 203 F.2d 625; Slocumb v. Gray, 1949, 86 U.S. App.D.C. 5, 179 F.2d 31; Strong v. United States, D.C., 155 F.Supp. 468 (D.C.Mass.1957); New York Technical Institute of Maryland, Inc., v. Limburg, D.C.Md.1949, 87 F.Supp. 308; International Union, United Automobile, Aircraft and Agricultural Implement Workers of America (UAW-CIO) v. Bradley, D.C.D.C.1948, 75 F.Supp. 394; Commers v. United States, D.C.Mont.1946, 66 F. Supp. 943.

 Defendant appears to argue, however, that these statutes apply only where judicial review of decisions of the Administrator is sought against the Government, and not where, as here, the Government, in reliance on the Administrator's decision, is seeking affirmative judgment for the recovery of money. While this theory finds support in United States v. Owens, D.C.E.D.Ark.1957, 147 F.Supp. 309, this Court is not bound by that decision, and with all due respect to the court that rendered it, is unwilling to adopt such a narrow construction of the statutes. If the Deputy's decision would have been final and conclusive against direct attack, and it clearly would have, this Court is of the opinion that it must be so for all purposes and hence not susceptible to the indirect attack urged by defendant herein. Other courts have so held. United States v. Perry, supra; cf. United States v. Mroch, 6 Cir., 1937, 88 F.2d 888; United States v. Gudewicz, D.C.E.D.N.Y.1942, 45 F.Supp. 787. This position is in accord with the general principle of law that where money is erroneously paid by agents of the United States, whether the error be one of fact or law, the Government may always recover the money improperly paid. United States v. Wurts, 1938, 303 U.S. 414, 58 S.Ct. 637, 82 L.Ed. 932; Sutton v. United States, 1921, 256 U.S. 575, 41 S.Ct. 563, 65 L.Ed. 1099; Wisconsin Central R. Co. v. United States, 1896, 164 U.S. 190, 17 S.Ct. 45, 41 L.Ed. 399; United States v. Saunders, 1 Cir., 1897, 79 F. 407.

 Had the defendant in the instant case utilized the proper appeal procedures, he might have effected a different result. Not having done so, he could not have directly attacked the Deputy's decision in this or in any other court. Such being the case, it is not defendant's prerogative to await affirmative action by the Government to recover amounts allegedly paid to him through error and in such proceeding to accomplish by indirect attack on the Deputy's decision a result which he could not have accomplished directly. This Court is unwilling to at-

tribute to Congress the intent to bring about this incongruous result.

For the reasons stated this Court is without jurisdiction to review the Deputy's decision, and the specific contentions of defendant with respect to its invalidity can not be considered.

Judgment will be entered for plaintiff in the amount of $210.25, plus interest from August 24, 1948 at the rate of 6% per annum, with costs. On defendant's counterclaim, judgment will be entered for the plaintiff.