Rosa GONGORA vda De Espiritu,
Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 3216-58.

United States District Court
District of Columbia.

May 25, 1960.

Mary M. Connelly, Washington, D. C., for plaintiff.

David V. Seaman and Russell Chapin, Dept. of Justice, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This action is brought by a female citizen of the Philippine Islands, residing in the Philippines. She is the mother of a deceased member of the armed forces of the United States, and is also the widow of a member of one of the guerrilla corps. Her son was killed in action during World War II, and her husband died during the same period. She seeks to recover automatic gratu-

itous National Service Life Insurance on the life of her son. The Government counterclaims for a refund of alleged overpayments made to her as compensation for the death of her husband.

The case has been tried without a jury. It was submitted entirely on a stipulation of facts. Attached to the stipulation are several affidavits, depositions, and documentary exhibits. The Court hereby adopts the stipulated facts as its findings of fact.

In respect to the plaintiff's claim, the question involved is whether the plaintiff was dependent on her son at the time of his death.[1] On this issue the plaintiff has the burden of proof. On the basis of the evidentiary findings of fact and the depositions and affidavits, the Court makes the ultimate finding of fact and conclusion of law that the plaintiff was not dependent on her son at the time of his death and, therefore, is not entitled to recover, since under the terms of the pertinent statute a parent as an alternate beneficiary may receive the proceeds of the insurance only if dependency existed, Moreto v. United States, D.C., 135 F.Supp. 327; De Manalang v. United States, D.C., 163 F.Supp. 821. The case undoubtedly has a sympathetic appeal, but in view of the evidence and the applicable rules of law, the Court is constrained to reach the conclusion that the plaintiff may not recover and that the complaint must, therefore, be dismissed.

The counterclaim of the Government relates to compensation that has been paid to the plaintiff by the Veterans Administration on account of the death of her husband. Some time after making the award of compensation, the Veterans Administration reached the conclusion that the husband had not been a member of the armed forces within the pertinent statutory definition, and ordered further payments to be terminated. Through an error, however, the payments were continued for some time.

The Government seeks to recover back these payments. The Government relies on the provisions of law according finality to the decisions of the Veterans Administration in respect to gratuitous payments to veterans and members of their families.[2] The Court is of the opinion that provisions relating to finality are applicable solely to cases in which a claim is presented against the Government, but does not extend to affirmative claims made by the Government to secure repayments. In other words, the finality provisions may be used as a shield, but not as a sword. Otherwise, in cases such as this, the Court would have no function to perform except to enter judgment for a specified sum on the basis of the administrative ruling, United States v. Owens, D.C., 147 F. Supp. 309; United States v. Lawrence, D.C., 154 F.Supp. 454. While there are authorities taking the opposite view, the Court is of the opinion that the rule which it is adopting is to be preferred. The point has not been decided in this circuit.

On review of the evidence, it appears that by a certificate dated May 14, 1959, which is one of the exhibits in the case, the office of the Adjutant General of the Army certified that the plaintiff's husband was a Sergeant in the 1st Regiment, Bataan Military District, East Central Luzon Guerilla Area, which was a unit recognized as an authorized element of the Philippine Army in the service of the Armed Forces of the United States, and that he died while he was a member of the Unit. This certificate was submitted subsequently to the date of the ruling of the Veterans Administration and must be deemed to supersede prior statements of the Department of the Army.

Accordingly, the Court finds as a fact that at the time of his death the plaintiff's husband was a member of the Armed Forces of the United States. The Court concludes as a matter of law,

1. 38 U.S.C. § 802(d) (2) (C) 1952; 55 Stat. 846 (1941).

2. 38 U.S.C.A. § 211(a), 1958; this Section codifies 38 U.S.C. § 11a–2 (1952) and 38 U.S.C. § 705 (1952).

therefore, that payments of compensation on account of his death were properly made and may not be recovered back. It follows hence that the counterclaim must be dismissed.

This action was instituted by the filing of a complaint mailed by the plaintiff in person from the Philippine Islands. This Court appointed Miss Mary M. Connelly, a member of the bar of the District of Columbia, as counsel to represent the plaintiff. The Court wishes to express its gratitude to Miss Connelly for the able and thorough manner in which the case was handled by her.