Abraham N. Geller, J.
This motion for reargument by the Veterans’ Administration in effect requests a direction for reimbursement of the sum of $116.60 representing an alleged overpayment made by it to the substituted committee for the period from December 1, 1959 to January 31, 1960.
The incompetent veteran died on February 10, 1960. After a considerable lapse of time the substituted committee broug'ht on an application to settle his final account. The decision thereon dated June 15, 1961 and the order settling the account dated June 22, 1961 made provision for certain payments and directed that the balance be transmitted to the administratrix of deceased incompetent’s estate. Since the afore-mentioned claim for reimbursement had not been presented to the court, no provision therefor was made in the decision or order.
This motion is treated as an application to amend in that respect the decision on the motion to settle the account and to incorporate such provision in the order on said motion to be resettled accordingly.
Although there has been delay in presenting this application, it appears that it was due to an excusable inadvertence that the decision and order were entered prior to the rather late filing of an affidavit by the Veterans’ Administration. The court may *418 still exercise jurisdiction in view of the fact, confirmed by the substituted committee, that he has not as yet transmitted the remainder of the funds to the administratrix and has not been discharged from his responsibilities by order of this court.
The application for reimbursement is based upon the determination of the Veterans’ Administration that section 3203 (as amd. by 73 U. S. Stat. 298) of title 38 of the United States Code, effective December 1, 1959, suspending under certain conditions further payments of benefits, was applicable in the case of this veteran. It seeks to recover the payments made to the substituted committee for the two subsequent months.
The administratrix opposes the application, contending that the facts as presented in the papers submitted to the Surrogate in the court of her appointment and the letters of administration issued to her indicate a finding as to the alleged conditions contrary to that determined by the Veterans’ Administration.
Subdivision (a) of section 211 of title 38 of the United States Code provides that, with certain exceptions not here material, ‘ ‘ the decisions of the Administrator on any question of law or fact concerning a claim for benefits or payments under any law administered by the Veterans’ Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision.”
It has been authoritatively established that veterans ’ benefits are gratuities and create no vested rights in the recipients (see Lynch v. United States, 292 U. S. 571); and that such benefits may be withdrawn at any time by an act of Congress, which may also withdraw jurisdiction from the courts over decisions of the Administrator in relation thereto (see Kline v. Burke Constr. Co., 260 U. S. 226; Van Horne v. Hines, 122 F. 2d 207; Matter of Clemens, 198 Misc. 778).
Where the Veterans’ Administration seeks repayment of benefits allegedly paid erroneously to the veteran or members of his family, as contrasted with making a determination as to the right to receive such benefits, there is a conflict of views in the decisions of the courts as to whether the above provision relating to finality of the Administrator’s determination is controlling. In some cases (see United States v. Owens, 147 F. Supp. 309; United States v. Lawrence, 154 F. Supp. 454; Gongora v. United States, 183 F. Supp. 872) it has been held that the section, limited to a “ claim for benefits or payments,” is not applicable to affirmative claims made by the Administrator to secure repayments from recipients, who may have such defenses as limitations, laches or estoppel, and that the courts should exercise, in cases involving affirmative claims for repay *419 ments, jurisdiction to review Ms determination and decide the issues of fact and law.
This ease, however, does not involve a question of repayment by a recipient. These payments were made to the substituted committee of the veteran and are still in his possession. The considerations which impel some of the courts to find an exception in the case of an affirmative claim for repayment from a recipient have no application here. Accordingly, the rule imposed by act of Congress as to finality of the decisions of the Administrator on any question of law or fact relating to a claim for benefits or payments must be recognized under these circumstances.
The application for reimbursement is granted. The decision dated June 15, 1961 is amended accordingly. Order dated June 22, 1961 to be resettled in conformity herewith.