Joseph A. Cox, S.
The decedent married Lewis S. Baker in 1923. Her husband died in 1936. In 1941 the decedent applied to the Veterans’ Administration for pension benefits as the widow of a World War I veteran. In connection with such application the decedent acknowledged that she had contracted a purported civil marriage with one Leshley on June 15, 1934 but the decedent represented that such relationship had been entered into upon the mistaken belief that Baker was dead and, upon learning that this was not the fact, the decedent, in 1937, had separated from Leshley and had terminated their relationship as purported husband and wife. Upon these representations the Veterans’ Administration granted the decedent pension benefits and between 1941 and 1962 paid her amounts totaling $10,678.20.
Following the decedent’s death the Veterans’ Administration determined that payments to the decedent had been induced by false and fraudulent representations by the decedent and in this proceeding recovery is sought of the amounts paid to the decedent by the Veterans’ Administration.
The position of the Government is that the determination of the Veterans’ Administration that the decedent received unauthorized benefits is not judicially reviewable. While it is recognized that veterans’ benefits are gratuities which create no vested right in the recipient (Lynch v. United States, 292 U. S. 571; Van Horne v. Hines, 122 F. 2d 207, 209; Smith v. United States, 83 F. 2d 631, 639), and that Congress not only may withdraw such benefits but may withdraw jurisdiction from the courts over the decisions of the Administrator (Kline v. Burke Constr. Co., 260 U. S. 226; Van Horne v. Hines, supra; Strong v. United States, 155 F. Supp. 468, app. dsmd. 356 U. S. 226), the courts are not in agreement whether the decisions of the Administrator may be reviewed in an action by the Government to recover benefits paid to a recipient in error. There are decisions to the effect that the Administrator’s determination that a benefit was unauthorized is controlling upon the courts (United States v. Crockett, 158 F. Supp. 460; United States v. Perry, 141 F. Supp. 443; Matter of Rosa, 172 Misc. 808; Matter of Clemens, 198 Misc. 778) and there are decisions that claims for the recovery of paid benefits expose the Administrator’s determination to judicial review (United States v. Owens, 147 F. Supp. 309; United States v. Lawrence, 154 F. Supp. 454; Gongora v. United States, 183 F. Supp. 872; United States v. Gibson, 207 F. 2d 161).
Here the United States has not rested upon the Administrator’s determination but has offered proof in support of that *734 conclusion. It has been established that the Administrator’s initial determination awarding benefits to the decedent was premised upon the decedent’s representation that she was not living with Leshley as his wife. Had this representation not been made, the Administrator, under established practices, would not have granted the benefits (Sinlao v. United States, 271 F. 2d 846). (See, also, U. S. Code, tit. 38, § 101, subd. [3].) The fact that the decedent had not terminated her purported marital relationship with Leshley was established by documentary proof and oral testimony in this proceeding.
It is held that the benefits received by the decedent from the Veterans’ Administration were procured upon false representations and, for this reason, the claim of the United States for the recovery of these payments, with interest, is allowed.
The claim of Phyllis Smith for reimbursement of the amount paid for the funeral expenses of the decedent is allowed.
It is apparent that the estate is inadequate to pay the claims of creditors in full. The Totten Trust created by the decedent is subject to a charge or lien to meet the deficiency in assets and to that extent may be set aside (Matter of Halbauer, 34 Misc 2d 458, affd. 18 A D 2d 966). The beneficiary of this trust is a party to this proceeding and the decree will direct the payment by her to the estate of so much of the proceeds of the bank account as shall be necessary to meet the estate debts, provided however that the beneficiary may retain from such proceeds the amount of the funeral expenses advanced by her (Surrogate’s Ct. Act, § 216).