**Joseph W. DiSILVESTRO, Appellee,**

v.

**UNITED STATES of America, Appellant.**

**No. 190, Docket 32460.**

United States Court of Appeals Second Circuit.

Argued Nov. 20, 1968.

Decided Dec. 18, 1968.

---

Joseph W. DiSilvestro, appellee pro se.

Morton Hollander, and Michael C. Farrar, Dept. of Justice, Washington, D. C. (Edwin L. Weisl, Jr., Asst. Atty. Gen., Joseph P. Hoey, U. S. Atty., on the brief), for appellant.

Before KAUFMAN and ANDERSON, Circuit Judges, and TENNEY, District Judge.*

TENNEY, District Judge:

This appeal from an order of the District Court for the Eastern District of New York (Mishler, J.), which granted summary judgment in favor of Joseph DiSilvestro, the appellee herein, DiSilvestro v. United States, Civil No. 62–C–713 (E.D.N.Y., filed Feb. 1, 1968); DiSilvestro v. United States, 268 F. Supp. 516 (E.D.N.Y.1966), presents for review the issue of whether Title 38, United States Code, Section 211(a),[1] which deprives the courts of jurisdiction to review decisions of the Veterans' Administration (hereinafter referred to as the "V. A.") on any question of law or fact concerning a claim for benefits or payments, precludes judicial review of a V. A. decision,[2] upon which a claimed right of set-off by the Government is

---

*Of the Southern District of New York, sitting by designation.

1. 38 U.S.C. § 211(a) provides:
"Except as provided in sections 775, 784, and as to matters arising under chapter 37 of this title, the decisions of the Administrator on any question of law or fact concerning a claim for benefits or payments under any law administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision."

2. Judge Mishler limited his scope of review to "whether, looking at the whole record, the V.A.'s action in decreeing a forfeiture of plaintiff's benefits is supported by substantial evidence." DiSilvestro v. United States, 268 F.Supp. 516, 521 (E.D.N.Y.1966).

based, that payments have been erroneously made to the appellee.

Inasmuch as the facts surrounding the protracted litigation which led to the instant appeal have been set forth in detail in the decisions below, only a brief statement shall be made herein regarding the nature of the action.

On February 20, 1948, V. A. rating specialists determined that DiSilvestro was entitled to monthly disability payments stemming from service-connected aggravation of a nervous condition. Subsequently, suspicion arose as to the authenticity of certain entries made on appellee's Army medical records, which records allegedly formed the basis for appellee's award of monthly disability payments. On May 17, 1953, after an investigation, the V. A.'s New York Regional Office concluded that the grant of disability payments to appellee had been erroneous and contrary to law in that the medical records were, in fact, not authentic. Accordingly, the V. A. informed DiSilvestro that his claim for disability compensation had been rerated and, as such, disallowed. On September 30, 1954, based on an analysis of the known writings of DiSilvestro, the V. A.'s Investigation Service concluded that appellee had submitted false and fraudulent evidence in support of his claim. This finding prompted the V. A.'s Central Committee on Waivers and Forfeitures to declare a forfeiture of appellee's rights, claims and benefits as a veteran, pursuant to 38 U.S.C. § 3503(a).[3]

DiSilvestro's appeal from this decision was denied by the Board of Veterans' Appeals.

Based on this forfeiture, the V. A. computed that there had been a total overpayment of compensation and subsistence benefits to appellee in the amount of $2,026.06.

Thereafter, appellee sought judicial restoration of his pension and compensation benefits, which action, however, was held to be barred by the "no-review clause" of 38 U.S.C. § 705,[4] as amended, 38 U.S.C. § 211(a). DiSilvestro v. United States Veterans' Administration, 132 F.Supp. 692 (E.D.N.Y.1955), aff'd, 228 F.2d 516 (2d Cir.), cert. denied, 350 U.S. 1009, 76 S.Ct. 654, 100 L.Ed. 870, rehearing denied, 351 U.S. 928, 76 S.Ct. 784, 100 L.Ed. 1458 (1956). Subsequent attempts by appellee to obtain judicial review of the V. A. determination were similarly unsuccessful. DiSilvestro v. United States Veterans' Administration, 151 F.Supp. 337 (E.D.N.Y.1957), cert. denied, 355 U.S. 935, 78 S.Ct. 416, 2 L.Ed.2d 416, rehearing denied, 355 U.S. 968, 78 S.Ct. 550, 2 L.Ed.2d 544 (1958); DiSilvestro v. United States, 181 F.Supp. 860 (E.D.N.Y.), cert. denied, 364 U.S. 825, 81 S.Ct. 65, 5 L.Ed.2d 55, rehearing denied, 364 U.S. 897, 81 S.Ct. 219, 5 L.Ed.2d 192, rehearing denied, 364 U.S. 917, 81 S.Ct. 270, 5 L.Ed.2d 230 (1960).

Although stipulating that the decision of forfeiture did not affect appellee's right to certain National Service Life Insurance dividends, the Government, in an effort to recoup the amount which it

---

3. 38 U.S.C. § 3503(a) provides:
"Whoever knowingly makes or causes to be made or conspires, combines, aids, or assists in, agrees to, arranges for, or in any way procures the making or presentation of a false or fraudulent affidavit, declaration, certificate, statement, voucher, or paper, concerning any claim for benefits under any of the laws administered by the Veterans' Administration (except laws pertaining to insurance benefits) shall forfeit all rights, claims, and benefits under all laws administered by the Veterans' Administration (except laws pertaining to insurance benefits)."

4. 38 U.S.C. § 705, the predecessor statute, provided:
"All decisions rendered by the Administrator of Veterans' Affairs under the provisions of sections 701, 702, 703, 704, 705, 706, 707–710, 712–715, 717, 718, 720, and 721 of this title or the regulations issued pursuant thereto, shall be final and conclusive on all questions of law and fact, and no other official or court of the United States shall have jurisdiction to review by mandamus or otherwise any such decision."

determined had been erroneously paid to appellee, withheld payment of the dividends so as to effect a set-off against the amount allegedly owed to the United States.

On June 29, 1962, DiSilvestro instituted this action against the United States seeking, *inter alia,* payment of the dividends withheld by the Government. The Court, in an opinion entered on November 22, 1966, recognized the Government's right to charge a fund in its possession with the claims it has against the fund's owner, but held that appellee, in this instance, was entitled to judicial review of the forfeiture proceedings which, the Court believed, provided the evidentiary basis for the claimed right of set-off, on the ground that the "no-review clause" of 38 U.S.C. § 211(a) is inapplicable where the Government is seeking a set-off or other affirmative relief.

After a review of the entire record, the Court found that the entries in question on appellee's claims folder were not authentic. Nevertheless, summary judgment was granted in favor of DiSilvestro on the basis of the Court's determination that the V. A. had failed to meet its burden of showing that appellee was capable of forming the requisite intent at the time that the alleged fraud was committed. The Government appeals from that judgment, asserting as reversible error that: (1) the Court was mistaken in its view that the set-off depended upon the validity of the V. A. determination that DiSilvestro should forfeit all his rights, claims and benefits as a veteran. The Government argues that quite apart from that forfeiture determination, the right of set-off arose when the V. A. determined, on March 17, 1953, that its prior decision granting DiSilvestro service-connected disability benefits for his mental condition was based upon medical records which had been altered and that, in the absence of the alteration, the grant of such benefits would not have been made; and (2) the

Court erred in undertaking to review the merits of the forfeiture determination in view of the fact that 38 U.S.C. § 211(a) prohibits judicial review of V. A. decisions on any question of law or fact concerning a claim for benefits or payments under any law administered by the V. A.

The circuits which have considered the applicability and scope of the so-called "no-review clauses" of Title 38, United States Code, Section 211 and its predecessor sections,[5] appear to be in conflict. It is generally conceded, however, that pensions, compensation allowances and special privileges are gratuities which involve no agreement of the parties and create no vested rights. Lynch v. United States, 292 U.S. 571, 577, 54 S.Ct. 840, 78 L.Ed. 1434 (1934). Accordingly, the weight of authority appears to be that a decision by the V. A. denying a claim for benefits or declaring a forfeiture of compensation allowances theretofore granted cannot be reviewed by the courts when challenged by an aggrieved claimant. Lynch v. United States, supra; Redfield v. Driver, 364 F.2d 812, 813 (9th Cir.1966); Milliken v. Gleason, 332 F.2d 122, 123 (1st Cir.1964), cert. denied, 379 U.S. 1002, 85 S.Ct. 723, 13 L.Ed.2d 703 (1965); Barefield v. Byrd, 320 F.2d 455, 458 (5th Cir.1963), cert. denied, 376 U.S. 928, 84 S.Ct. 675, 11 L.Ed.2d 624 (1964); Smith v. Settle, 286 F.2d 420 (8th Cir.), cert. denied, 366 U.S. 969, 81 S.Ct. 1932, 6 L.Ed.2d 1259 (1961), cert. denied, 368 U.S. 994, 82 S.Ct. 615, 7 L.Ed.2d 532 (1962), rehearing denied, 369 U.S. 826, 82 S.Ct. 837, 7 L.Ed.2d 792, cert. denied, 370 U.S. 927, 82 S.Ct. 1568, 8 L.Ed.2d 506 (1962); Magnus v. United States, 234 F.2d 673, 674–75 (7th Cir. 1956), cert. denied, 352 U.S. 1006, 77 S. Ct. 569, 1 L.Ed.2d 551 (1957). Contra, Tracy v. Gleason, 126 U.S.App.D.C. 415, 379 F.2d 469 (1967). More specifically, this Court, in a *per curiam* opinion, affirmed the judgment dismissing DiSilvestro's prior complaint in an action

5. 38 U.S.C. § 2211(a); 38 U.S.C. § 11a–2; 38 U.S.C. § 705.

which sought judicial review of the V. A. decision forfeiting his compensation award. DiSilvestro v. United States Veterans' Administration, 228 F.2d 516 (2d Cir.), cert. denied, 350 U.S. 1009, 76 S.Ct. 654, 100 L.Ed. 870 (1956).

Of significance, however, is the fact that this Court is not presently faced with a petition to review a decision of the V. A., but, rather, with an action to recover monies wrongfully withheld. See United States v. Wiley's Cove Ranch, 295 F.2d 436, 448 (8th Cir. 1961). In this respect, where the Government seeks affirmative judgment in an amount which it alleges has been erroneously paid or where it attempts to recoup such payments from a fund in its possession upon a claimed right of set-off, there is a conflict of authority as to whether the "no-review clause" of § 211(a) mandates judicial abstention. The better view, we believe, limits the scope of this finality provision to cases where review is sought of decisions which deny a claim for gratuitous benefits or declare their forfeiture. Lynch v. United States, supra, 292 U.S. at 587, 54 S.Ct. 840; United States v. Gibson, 207 F.2d 161, 163 (9th Cir.1953), rev'd on other grounds, 225 F.2d 807 (9th Cir. 1955);[6] Gongora v. United States, 183 F.Supp. 872, 873 (D.D.C.1960); United States v. Lawrence, 154 F.Supp. 454, 456–457 (D.Mont.1957); United States v. Owens, 147 F.Supp. 309, 313–315 (E.D.Ark.1957); Hormel v. United States, 123 F.Supp. 806, 809–810 (S.D. N.Y.1954); Radio-Television Training Ass'n, Inc. v. United States, 163 F.Supp. 637, 641–642, 143 Ct.Cl. 416 (1958); see In re Ally, 33 Misc.2d 417, 226 N.Y.S.2d 602 (Surr.Ct.1962). Contra, United States v. Mroch, 88 F.2d 888, 890 (6th Cir.1937); United States v. Rohde, 189 F.Supp. 842, 844–845 (W.D.S.D.1960); United States v. Crockett, 158 F.Supp. 460, 462 (N.D.Me.1958); United States v. Perry, 141 F.Supp. 443, 445 (E.D.N. C.1956); United States v. Gudewicz, 45 F.Supp. 787, 789 (E.D.N.Y.1942); cf. United States v. Smith, 182 F.Supp. 503, 504 (S.D.N.Y.1960); In re Gregg, 198 Misc. 778, 100 N.Y.S.2d 752 (Surr.Ct. 1950); In re Rosa's Estate, 172 Misc. 808, 16 N.Y.S.2d 285 (Surr.Ct.1939). But cf. In re Ally, supra.

The Government argues that under *no circumstances* can the courts review decisions of the V. A. Therefore, it would follow that a non-reviewable determination by the V. A. that money has been paid to a veteran under a mistake of fact or law can be used: (a) as the basis for a judgment upon which execution can be had; (b) for the purpose of withholding property admittedly belonging to a veteran and in the possession of the Government; or (c) as the basis of a set-off against a judgment recovered by a veteran against the Government in an unrelated cause of action.

This Court is unwilling to attribute to the Congress the intent to bring about this result unless such meaning be shown by the clearest possible language. Furthermore, should this Court accept the Government's theory of the scope and applicability of Section 211(a), a veteran faced with such Governmental action would be, from a practical standpoint, left without a defense. As the Court stated in United States v. Owens, supra, 147 F.Supp. at 313:

"Obviously, such a construction would make the courts but rubber stamps for administrative action in cases of this kind * * *."

While it is conceded that the payments herein are gratuities, and that

6. The opinion in United States v. Gibson was subsequently withdrawn and the judgment reversed on the basis of regulations called to the Court's attention under which it was found that "the Government has made sufficient proof of payment by mistake and that it was entitled to recover those payments from the decedent." 225 F.2d 807, 808 (9th Cir. 1955). This would not, however, have affected the Court's prior conclusion that decisions of the V. A. are not conclusive when made the basis of an affirmative claim for relief by the Government.

Congress has the power, which it has exercised, to condition the right of the appellee to receive such payments initially or to continue to receive them in the future upon an administrative determination of his entitlement thereto, and to put those findings beyond the reach of judicial review in an action by the appellee which challenges them, it does not follow that Congress intended nonreviewable decisions of the V. A. on questions of law or fact concerning *a claim for benefits or payments by a veteran* to remain non-reviewable when they concern *a claim for affirmative relief by the Government.*

■■ It is, of course, well established that parties receiving monies from the Government under a mistake of fact or law are liable *ex aequo et bono* to refund them, and that no specific statutory authorization upon which to base a claimed right of set-off or an affirmative action for the recovery of these monies is necessary. United States v. Wurts, 303 U.S. 414, 415, 58 S.Ct. 637, 82 L.Ed. 932 (1938); Grand Trunk W. Ry. Co. v. United States, 252 U.S. 112, 120–121, 40 S.Ct. 309, 64 L.Ed. 484 (1920); Wisconsin Cent. R.R. Co. v. United States, 164 U.S. 190, 210–212, 17 S.Ct. 45, 41 L.Ed. 399 (1896); Stone v. United States, 286 F.2d 56, 58–59 (8th Cir.1961); United States v. Bentley, 107 F.2d 382, 384 (2d Cir.1939); United States v. Zenith-Godley Co., 180 F.Supp. 611, 613 n. 2 (S.D.N.Y.1960), aff'd, 295 F.2d 634 (2d Cir.1961). Nevertheless, where the Government seeks a set-off or other affirmative relief it cannot rely on the "no-review clause" of Section 211(a) to support its own claims. Accordingly, appellee was entitled to judicial review of the evidentiary basis for the Government's claimed right of set-off.

■ The district court erred, however, in viewing the issue as whether "looking at the whole record, the V. A.'s action in *decreeing a forfeiture of plaintiff's benefits* is supported by substantial evidence." DiSilvestro v. United States, 268 F.Supp. 516, 521 (E.D.N.Y.1966) (footnotes omitted) (emphasis added).

Quite apart from the V. A. determination that DiSilvestro should forfeit all his rights, claims and benefits as a veteran, the right of set-off arose when, on March 17, 1953, the V. A. found that its prior decision granting DiSilvestro service-connected disability benefits was based upon evidence which had been altered and that absent this alteration the grant of such benefits would not have been made. Inasmuch as the district court found, after a careful review of the entire record before the V. A., that the questionable entries were not authentic, DiSilvestro v. United States, Civil No. 62–C–713 at 23 (E.D.N.Y., filed Feb. 1, 1968) the sole issue for determination is whether the New York Regional Office's conclusion that "the grant of a ten per cent disability to plaintiff had been erroneous because it had been based upon evidence which had since been clearly shown to have been illegal," DiSilvestro v. United States, id. at 14, was supported by substantial evidence.

It follows that the judgment against the United States must be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.