860 F.2d 1080
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David L. DUNAWAY, Defendant-Appellant.
 No. 88-3143.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1988.
 
 1
 Before MERRITT and RYAN, Circuit Judges, and JOHN W. POTTER, District Judge.*
 
 ORDER
 
 2
 Defendant Dunaway moves for counsel and for a free transcript on appeal from the district court's grant of summary judgment to the plaintiff in this veteran's benefits case. 38 U.S.C. Sec. 521. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The Veterans Administration (VA) sued Dunaway to collect benefits it alleges it improperly paid to him. The district court granted summary judgment to the VA, holding that 38 U.S.C. Sec. 211(a) (1970) barred Dunaway from raising any defenses to the action. The court held that United States v. Mroch, 88 F.2d 888, 890 (6th Cir.1937), compelled this conclusion.
 
 
 4
 We agree with the conclusion of the district court that Mroch controls the present case. Absent an intervening change in the law, one panel of this court cannot overrule a decision of another panel. Thomas v. Shipka, 818 F.2d 496, 498 (6th Cir.), on rehearing, 829 F.2d 570 (1987). In this case, the current statute is substantially similar to the statute effective when Mroch was decided. 38 U.S.C. Sec. 211(a) (1970); Government Credit Act of 1933, Pub.L. No. 2, Title I, Sec. 5, 48 Stat. 9 (1933). Therefore, the district court properly granted summary judgment to the plaintiff.
 
 
 5
 Even if we overturned the holding in Mroch, we would still affirm the district court's judgment. At the end of 1983, the VA requested Dunaway to provide a statement of his sources of income during the year. Dunaway's letter in response clearly stated that he had generated a source of income comparable to his VA benefits but on an unstable basis. He then requested termination of his benefits effective January 1, 1983. When the VA requested repayment of the benefits for 1983, Dunaway argued that he actually meant to terminate his benefits effective January 1, 1984, the date on which he began receiving Social Security benefits.
 
 
 6
 Because the initial letter refers to income received on an unstable basis during 1983, the letter clearly cannot refer to the Social Security benefits received in 1984. The VA has a right to know Dunaway's sources of income during 1983. 38 U.S.C. Sec. 506 (1978). Dunaway's failure to provide any indication of his sources of income during 1983 provides substantial evidence upon which to affirm the VA's decision in this case. See DiSilvestro v. United States, 405 F.2d 150, 155 (2d Cir.1968), cert. denied, 396 U.S. 964 (1969).
 
 
 7
 Accordingly, the motion for counsel and for a free transcript is denied. The judgment of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable John W. Potter, U.S. District Judge for the Northern District of Ohio, sitting by designation