**Maria Consolacion GATBUNTON vda DE MANALANG, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 5415–55.

United States District Court
District of Columbia.

June 30, 1958.

Lubar, Nussbaum & Liff and Harold J. Nussbaum, Washington, D. C., for plaintiff.

Oliver Gasch, U. S. Atty., Albert T. Hamlin, Asst. U. S. Atty., Washington, D. C., for defendant.

LETTS, District Judge.

By her complaint the plaintiff claims gratuitous insurance benefits. On August 7, 1957, the parties filed a stipulation of facts.

The last paragraph of such stipulation reads as follows: "It is further agreed by and among counsel for the respective parties that trial by jury is hereby waived, and that the case be submitted to the Court for decision on the facts here stipulated, and waiving any right to submit further evidence on the issues of in loco parentis and dependency."

The record including the stipulation of facts has been fully considered by the court to determine whether plaintiff was a dependent parent of the insured at the time of his death. The burden of proof rests upon the plaintiff to establish such relationship. The ultimate test is whether the evidence is sufficient to prove that the plaintiff had sufficient income to provide for her reasonable support and maintenance. The commonly accepted meaning of dependency connotes one who looks to another for support in full or in part. It means one who is in fact dependent; one who relies on another for the reasonable necessities of life. The evidence conclusively shows that the

plaintiff was not, by any standard, a dependent parent of the insured. Plaintiff has failed to meet the burden of proof which rests upon her. The complaint will therefore be dismissed.

Counsel for defendant will submit an appropriate order.